**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

Chad J. LaVeglia, Esq.
**Law Office of Chad J. LaVeglia, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York  11788

*Attorneys for Plaintiffs*
— — — — — — — — — — — — — — — — — — — — — — — — —X
Tracy Kolar, as Parent and Natural Guardian of K.M.,
Cassandra Sottile, as Parent and Natural Guardian of J.S.,
Tiffany Marks, as Parent and Natural Guardian of L.M. and B.M.,
Joey Calabrisi, as Parent and Natural Guardian of A.C. and A.C.,    Civil Action No.:
Marla Pipia, as Parent and Natural Guardian of V.P. and A.P.,
Lisa Langebeck, as Parent and Natural Guardian of C.L. and P.L.,
Brian Walker, as Parent and Natural Guardian of M.W.,
Amy Habel, as Parent and Natural Guardian of J.H., J.H. and G.H.,
Christi Skillman, as Parent and Natural Guardian of B.S. and E.S.,
Chris DeMario, as Parent and Natural Guardian of L.D.,
Sylvia Jablonski, as Parent and Natural Guardian of A.J. and R.J.,
Jessica Li, as Parent and Natural Guardian of B.L., E.L., K.L. and P.L.,
Alicia Caputo, as Parent and Natural Guardian of S.J. and D.J.,
Jennifer Ford, as Parent and Natural Guardian of E.F.,
Deborah Genin, as Parent and Natural Guardian of T.B. and M.B.,
Danielle LaFlare, as Parent and Natural Guardian of R.L.,
Karin Tellier, as Parent and Natural Guardian of B.T., K.T. and S.T.,
Gina Larsen, as Parent and Natural Guardian of A.L.,
Ann Marie DeGregoria, as Parent and Natural Guardian of L.D.,
Laura Bianco, as Parent and Natural Guardian of A.B.,
Nancy Randazzo, as Parent and Natural Guardian of S.F. and V.F.,
Kristina Seeley, as Parent and Natural Guardian of E.S. and T.S.,
Brian McCabe, as Parent and Natural Guardian of K.M. and M.M.,
Danielle Ledesma, as Parent and Natural Guardian of I.L. and A.L.,
Lisa Zgutowicz, as Parent and Natural Guardian of S.Z. and T.Z.,
Lisa Lourenco, as Parent and Natural Guardian of L.L.,
Ariana Stubbman, as Parent and Natural Guardian of L.S.,

1

Amanda Merckling, as Parent and Natural Guardian of A.M.,
Steven Orlowski, as Parent and Natural Guardian of C.O. and C.O.,
Karen Skop, as Parent and Natural Guardian of E.S. and A.S.,
Alyson Halpin, as Parent and Natural Guardian of C.H., A.H. and J.H.,
Lara Burns, as Parent and Natural Guardian of Z.B.,

                                                        Plaintiffs,

Against


The New York State Department of Health,
Longwood Central School District,
Islip Union Free School District,
Elwood Union Free School District,
Sayville Union Free School District,
West Islip Union Free School District,
Middle Country Central School District,
South Country Central School District,
Sachem Central School District,
Smithtown Central School District,
Port Jefferson School District,
Half Hollow Hills Central School District,
Bayport-Blue Point Union Free School District,
Mount Sinai Union Free School District,
Northport-East Northport Union Free School District,
Kings Park Union Free School District,
Bay Shore Union Free School District,
Huntington Union Free School District,
Three Village Central School District,
Eastport-South Manor Central School District,
Riverhead Central School District,
Comsewogue Union Free School District,


                                                        Defendants.

———————————————————————————————X


2

**"In these days, it is doubtful that any child may reasonably succeed in life if he is denied the opportunity of an education."** *Brown v. Board of Ed.*, 347 U.S. at 493.

Plaintiffs, by their attorneys, **The Mermigis Law Group, P.C.** and **Chad J. LaVeglia, Esq.**, for their Complaint against Defendants, allege as follows:

## PRELIMINARY STATEMENT

1.      The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend XIV. In particular, the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. *Glucksberg*, 521 U.S. at 720-21 (internal citations and quotation marks omitted). Plaintiffs and their children have a fundamental right to a basic, minimum education.

2.      Plaintiffs and their children began the 2024-2025 school year with excitement. While Students were socializing and learning, the New York State Department of Health (DOH) was plotting to remove them from their schools. What began as a bona fide investigation into a former nurse practitioner turned into a campaign against her innocent, former patients. The DOH and named school districts (Districts) (collectively Defendants) are forcing Students with lawful proof of vaccination from attending school. Respondents are preventing Students of all ages from obtaining an education, from developing, from learning. Why? Because the DOH unilaterally determined that Students' valid records of immunization were invalid. It made these

3

arbitrary determinations in secret; insulated from any scrutiny whatsoever. Then, the DOH erased their electronic immunization records from the statewide database.

3.      After wiping Students' records from the database, the DOH circumvented PHL §2164; adding its own requirements while nullifying another. In contravention of PHL §2164, it decided that Students could not submit their certificates of immunization as proof of vaccination. Instead, the DOH gave Students a Hobson's choice divorced from the law: Submit positive titers or get vaccinated again. The DOH is not following the law, it is eviscerating it.

4.      The DOH slammed down its iron fist and commanded each District to obey its edict. The DOH coerced many of the Districts into obedience; threatening to fine them and remove board of education members. The DOH compelled the Districts to remove Students. Plaintiffs received letters, phone calls and emails informing them that their children will be prohibited from attending school. Some Children had less than a week's notice.

5.      Some students have already been removed from school without a hearing or opportunity to be heard. Many Students are prohibited from attending school without an opportunity to be heard as soon as today, September 27, 2024. The remaining Students will be excluded from school by September 30, 2024. Defendants are unequivocally punishing Students who provided lawful proof of immunization without process and proof. They are depriving Students of their fundamental right to receive an education in abrogation of the Fourteenth Amendment's Due Process Clause, the Education Law, and Public Health Law. Accordingly, Plaintiffs respectfully requests this Honorable Court grant the following relief:

A.      Plaintiffs' application for a Temporary Restraining Order Ordering Defendants to allow Students to continue attending school pending a final decision on the merits;

4

B.      Judgment declaring that Defendants' determination was made in violation of the

Fourteenth Amendment's Due Process Clause and NY Education Law;

C.      Order Defendant Districts to allow Students to continue their education in their respective

schools;

D.      Preliminary and permanent injunction restraining Respondents from excluding Students

or taking any other punitive action against them based on their proof of immunization

unless Defendants afford Students the process due under the Fourteenth Amendment's

Due Process Clause and New York Education Law; and

E.      Such other and further relief as this Court deems just, proper and equitable.


## **PARTIES**

6.      Petitioner Tracy Kolar is the mother of K.M. who is a Senior football star at the

Sayville Union Free School District. Petitioner received notice that her son K.M. will be

removed from school on September 27, 2024 because his immunization records were unilaterally

removed from the New York State Immunization Information System ("NYSIIS") by

Respondent New York State Department of Health without notice, an opportunity to be heard and

without process.

Petitioner is in danger of losing a football scholarship to an Ivy League school if he is removed

from school.

7.      Petitioner Cassandra Sottile is the parent of J.S. who attends school in the West

Islip Union Free School District.  Petitioner received notice that J.S. will be removed from

school on September 27, 2024 because the child's immunization records were unilaterally

removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

8.      Petitioner Tiffany Marks is the parent of L.M. and B.M. who attend school in the Three Village Central School District. Petitioner received notice that L.M. and B.M. will be removed from school on September 30, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

9.      Petitioner Joey Calabrisi is the parent of A.C. and A.C. who attend school in the Elwood Union Free School District. Petitioner received notice that A.C. and A.C. will be removed from school on September 27, 2024 because their immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

10.     Petitoner Marla Pipia is the parent of V.P. and A.P. who attend school in the Smithtown Central School District. Petitioner received notice that V.P. and A.P. will be removed from school on September 27, 2024 because their immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

11.     Petitioner Lisa Langebeck is the parent of C.L. and P.L. who attend school in the Kings Park Union Free School District. Petitioner received notice that C.L. and P.L.. was removed from school on September 25, 2024 because their immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

12.     Petitioner Brian Walker is the parent of M.W. who attends school in the Sachem Central School District. Petitioner received notice that M.W.. will be removed from school on September 27, 2024 because his immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

13.     Petitioner Amy Habel is the parent of J.H., J.H. and G.H. who attend school in the Huntington Union Free School District. Petitioner received notice that J.H., J.H. and G.H. was removed from school on September 20, 2024 because their immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

14.     Petitioner Chris DeMario is the parent of L.D. who attends school in the Middle Country Central School District. Petitioner received notice that L.D. was removed from school on September 20, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

15.    Petitioner Christi Skillman is the parent of B.S. and E.S. who attend school in the Sachem Central School District. Petitioner received notice that B.S. and E.S. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

16.    Petitioner Sylvia Jablonski is the parent of A.J. and R.J. who attend school in the Eastport-South Manor Central School District. Petitioner received notice that A.J. and R.J. was removed from school on September 18, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

17.    Petitioner Jessica Li is the parent of B.L., E.L., K.L. and P.L. who attend school in the West Islip Union Free School District. Petitioner received notice that B.L., E.L., K.L. and P.L. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

18.    Petitioner Alicia Caputo is the parent of S.J. and D.J who attend school in the Northport-East Northport Union Free School District. Petitioner received notice that S.J. and D.J. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System

("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

19.     Petitioner Jennifer Ford is the parent of E.F. who attends school in the Bayport-Blue Point Union Free School District. Petitioner received notice that E.F. was removed from school on September 18, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

20.     Petitioner Deborah Genin is the parent of T.B. and M.B. who attend school in the Half Hollow Hills Central School District. Petitioner received notice that T.B. and M.B. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

21.     Petitioner Danielle LaFlare is the parent of R.L. who attends school in the West Islip Union Free School District. Petitioner received notice that R.L. will be removed from school on September 30, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

22.     Petitioner Karin Tellier is the parent of B.T., K.T. and S.T., when attend school in the Sayville Union Free School District. Petitioner received notice that B.T., K.T. and S.T. will

be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

23.    Petitioner Gina Larsen is the parent of A.L. who attends school in the Smithtown Central School District. Petitioner received notice that A.L. will be removed from school on September 27, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

24.    Petitioner Ann Marie DeGregoria is the parent of L.D. who attends school in the Sayville Union Free School District. Petitioner received notice that L.D. will be removed from school on September 27, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

25.    Petitioner Laura Bianco is the parent of A.B. who attends school in the Smithtown Central School District. Petitioner received notice that A.B. will be removed from school on September 27, 2024 because the child's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

26.    Petitioner Nancy Randazzo is the parent of S.F. and V.F. who attend school in the Sachem Central School District. Petitioner received notice that S.F. and V.F. will be removed

from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

27. Petitioner Kristina Seeley is the parent of E.S. and T.S. who attend school in the Mount Sinai Union Free School District. Petitioner received notice that E.S. and T.S. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

28. Petitioner Brian McCabe is the parent of K.M. and M.M. who attend school in the Port Jefferson School District. Petitioner received notice that K.M. and M.M. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

29. Petitioner Lisa Zgutowicz is the parent of S.Z. and T.Z. who attend school in the Longwood Union Free School District. Petitioner received notice that S.Z. and T.Z. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

30.    Petitioner Danielle Ledesma is the parent of I.L. and A.L who attend school in the Northport-East Northport School District. Petitioner received notice that I.L. and A.L will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

31.    Petitioner Amanda Merckling is the parent of A.M. who attends school in the South Country Central School District. Petitioner received notice that A.M. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

32.    Petitioner Ariana Stubbman is the parent of L.S. who attends school in the Islip Union Free School District. Petitioner received notice that L.S.. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

33.    Petitioner Lisa Laurenco is the parent of L.L. who attends school in the Bay Shore Union Free School District. Petitioner received notice that L.L. will be removed from school on September 27, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

34.     Petitioner Steven Orlowski is the parent of C.O. and C.O. who attend school in the Mattituck-Cutchogue Union Free School District. Petitioner received notice that C.O. and C.O. will be removed from school on September 18, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

35.     Petitioner Alyson Halpin is the parent of C.H., A.H. and J.H. who attend school in the Three Village Central School District. Petitioner received notice that C.H., A.H. and J.H. will be removed from school on September 18, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

36.     Petitioner Karen Skop is the parent of E.S. and A.S. who attend school in the Riverhead Central School District. Petitioner received notice that E.S. and A.S. will be removed from school on September 18, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

37.     Petitioner Lara Burns is the parent of Z.B. who attends school in the Comsewogue Union Free School School District. Petitioner received notice that Z.B. will be removed from school on September 18, 2024 because the children's immunization records were unilaterally removed from the New York State Immunization Information System ("NYSIIS") by

Respondent New York State Department of Health without notice, an opportunity to be heard and without process.

38.    Respondent New York State Department of Health is an agency of the State of New York with its principal office in Albany. Respondent unilaterally removed all of Petitioners' children's medical records from NYSIIS without an opportunity to be heard, or notice or due process.  Respondent sent exclusion letters to all school districts throughout Long Island. Respondent Longwood Central School District  is a school district located within Suffolk County, State of New York.

39.    Respondent Islip Union Free School District  is a school district located within Suffolk County, State of New York.

40.    Respondent Elwood Union Free School District is a school district located within Suffolk County, State of New York.

41.    Respondent Sayville Union Free School District  is a school district located within Suffolk County, State of New York.

42.    Respondent West Islip Union Free School District is a school district located within Suffolk County, State of New York.

43.    Respondent Middle Country Central School District  is a school district located within Suffolk County, State of New York.

44.    Respondent South Country Central School District  is a school district located within Suffolk County, State of New York.

46.    Respondent Sachem Central School District is a school district located within Suffolk County, State of New York.

47.     Respondent Smithtown Central School District is a school district located within Suffolk County, State of New York.

48.     Respondent Port Jefferson School District is a school district located within Suffolk County, State of New York.

49.     Respondent Half Hollow Hills Central School District is a school district located within Suffolk County, State of New York.

50.     Respondent Bayport-Blue Point Union Free School District is a school district located within Suffolk County, State of New York.

51.     Respondent Mount Sinai Union Free School District is a school district located within Suffolk County, State of New York.

52.     Respondent Northport-East Northport Union Free School District is a school district located within Suffolk County, State of New York.

53.     Respondent Bay Shore Union Free School District is a school district located within Suffolk County, State of New York.

54.     Respondent Kings Park Union Free School District is a school district located within Suffolk County, State of New York.

55.     Respondent Huntington Union Free School District is a school district located within Suffolk County, State of New York.

56.     Respondent Three Village Central School District is a school district located within Suffolk County, State of New York.

57.     Respondent Eastport-South Manor Central School District is a school district located within Suffolk County, State of New York.

58.     Respondent Sayville Union Free School District is a school district located within Suffolk County, State of New York.

59.     Respondent Mattituck-Cutchogue Union Free School District is a school district located within Suffolk County, State of New York.

## JURISDICTION & VENUE

60.     This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' constitutional rights to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983; and attorneys' fees and costs under 42 U.S.C. § 1988.

61.     The Court has jurisdiction over Plaintiffs' federal law claims under 42 U.S.C. § 1331 and 28 U.S.C. § 1343.

62.     The Court has jurisdiction over Plaintiffs' supplemental state court claims under 28 U.S.C. 1367.

63.     Venue is proper in the Eastern District of New York under 28 § 1391(b) in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

64.     This Action is brought pursuant to 42 U.S.C. § 1983, on the grounds that Defendants' order, and Defendants' enforcement of the order, violate the rights of Plaintiffs and their children protected by the U.S. Constitution, the New York State Constitution, including

specifically: (1) the right to substantive due process pursuant to Article 14 of the  U.S.

Constitution; and (2) the constitutional right to receive a free public education pursuant to the

New York Constitution, Art. XI, Sec. I.

## STATEMENT OF FACTS

65.    Defendant NYSDOH sent Petitioners' letters indicating that it deleted some or all

of their children's records in the New York State Immunization Information System (NYSIIS or

Database). (See Exclusion Letters attached as Exhibit A).

66.    Specifically, the NYSDOH deleted immunizations "reported by Wild Child

Pediatrics/ Julie DeVuono." Id. It stated, "[t]he Department has determined that these

vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for

school entrance or attendance. If your child has attended school . . .using these fraudulent

vaccination records as proof of meeting vaccination requirements, they must immediately be

excluded until and unless valid proof of vaccination or immunity is provided to the school" Id.

67.    Plaintiff Tracy Kolar's son is a Senior and is a star football player being recruited

by Ivy League schools. He will be excluded this week from school. He will be kicked off the

football team and it may cost him the opportunity to play football in college. Every vaccination

he has ever taken has been invalidated.

68.     The NYSDOH sent a memo to all schools on August 2, 2024. In that memo, they state that Julie DeVuono did legitimately administer vaccinations. (See Memo attached as Exhibit B).

69.     A recent FOIL request to the NYC Department of Education resulted in a response that there are 35,406 students enrolled in NYC Public Schools who do not have a record of having all required vaccinations. (See FOIL Request Response attached as Exhibit C).

70.     Pursuant to NYSPHL 2164, all Petitioners provided valid proof of vaccinations prior to the start of the school season.

71.     Many Students are prohibited from attending school as soon as today. The records were invalidated with **no due process**, **no opportunity to be heard** or a **reason as to why they were invalidated.**

72.     The remaining Students will be excluded from school by September 30, 2024.

73.     The Defendants are unequivocally punishing Students who provided lawful proof of immunization without process and proof. They are depriving Students of their fundamental right to receive an education in abrogation of the Fourteenth Amendment's Due Process Clause, and the New York State Constitutional Right to an Education.


**FIRST CAUSE OF ACTION**

**RESPONDENTS' EXCLUDED STUDENTS IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE and N.Y. CONST. ART. I. §VI.**

75.     Plaintiffs repeat and re-allege every allegation above as though set forth fully herein.

76.     The Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property without due process of law."

77.     The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend XIV. In particular, the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. *Glucksberg*, 521 U.S. at 720-21 (internal citations and quotation marks omitted). Plaintiffs and their children have a fundamental right to a basic, minimum education.

78.     The Due Process Clause has also been read to recognize that certain interests are so substantial that no process is enough to allow the government to restrict them, at least absent a compelling state interest. id. at 719-21.  The Constitution provides a fundamental right to a basic minimum education. See. *Gary B., et al. v. Whitmer,* et al., Nos. 18-1855/1871.

79.     In New York State the right to a free, public education is a constitutional right and, therefore is a property right.

80.     NYS Education Law §3202(1) provides that every person older than five (5) years

old and less than twenty-one (21) years who has not received a high school diploma are entitled to a free public education.

81.     NYS Education Law §3205 requires that every person in the State between the ages of six (6) and sixteen (16) attend school upon instruction. School attendance is compulsory.

82.     Defendants deprived Students of their property right to attend school upon full instruction without affording them any due process whatsoever.

83.     Defendants have deprived Plaintiffs and their children of this fundamental right in violation of the Fourteenth Amendment to the U.S. Constitution by unilaterally removing their vaccinations from the NY State database without a hearing or opportunity to be heard. And as a result, students are now being removed from school because of Defendants' unilateral unconstitutional actions.

84.     The U.S. Constitution entitles Plaintiffs to be free from any burden to a fundamental right unless the infringement is narrowly tailored to serve a compelling state interest.

85.     Defendants lack any compelling, or even rational, interest for burdening Plaintiffs' children of their fundamental and constitutional right to a basic minimum education.

86.     It is a fact that over 35,000 students attend NYC Public Schools without proof of vaccination records. Plaintiffs submitted their records and said records were removed from the database in violation of Plaintiffs' Due Process rights.

87.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from removing the children from the schools.

88.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory

relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining

enforcement of the Defendants' exclusion of students from schools without Due Process.

## SECOND CAUSE OF ACTION
## RESPONDENT DISTRICTS' DETERMINATIONS WERE
## MADE IN VIOLATION OF THE NEW YORK STATE EDUCATION LAW

89.     Petitioners repeat and re-allege every allegation above as though set forth fully

herein.

90.     Pursuant to NYS Education Law §3214(c)(a) a pupil may be suspended from

attendance upon instruction only if the pupil is "insubordinate or disorderly or violent or

disruptive, or ***whose conduct otherwise endangers the safety, morals, health or welfare of***

***others."***

91.     NYS Education Law §3214(c)(1) states that "[n]o pupil may be suspended for a

period in excess of five school days unless such pupil and the person in parental relation to such

pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such

pupil shall have the right of representation by counsel, with the right to question witnesses

against such pupil and to present witnesses and other evidence on his or her behalf."

92.     Respondent Districts' expulsion of Students is the same as any other suspension

that triggers EDL §3214(c)(1).

93.     There was a determination—however Districts arrived at it—that Students'

vaccination records suddenly became fraudulent.

94.     As a result, Districts are prohibiting Students from attending school for an indefinite period of time. This is the equivalent of a suspension.

95.     Alternatively, the nature of the consequence—completely being barred from attending school—by itself, requires Districts to provide Students with the process due under EDL §3214(c)(1).

96.     Districts are in violation of EDL §3214(c)(1) since they afforded Students' no process whatsoever.

97.     As such, their determination should be declared null, void and unenforceable.

## **CONCLUSION**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.    Plaintiffs' application for a Temporary Restraining Order Ordering Defendants to allow Students to continue attending school pending a final decision on the merits;

B.    Judgment declaring that Defendants' determination was made in violation of the Fourteenth Amendment's Due Process Clause and New York State Education Law;

C.    Order Defendant Districts to allow Students to continue their education in their respective schools;

D.    Preliminary and permanent injunction restraining Respondents from excluding Students or taking any other punitive action against them based on their proof of immunization unless Defendants afford Students the process due under the Fourteenth Amendment's Due Process Clause and New York State Education Law;

E.      Award Plaintiffs their reasonable attorneys' fees, costs, and expenses

under applicable state and or federal law; and

F.      Such other and further relief as this Court deems just, proper and equitable.

Dated: Syosset, New York
        September 26, 2024

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

Chad J. LaVeglia, Esq.
**Law Office of Chad J. LaVeglia, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York  11788

*Attorneys for Plaintiffs*