UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————————-X

Brian Walker, as Parent and Natural Guardian of M.W.,
Kelly McKeon, as Parent and Natural Guardian of A.C.,
Amy Habel, as Parent and Natural Guardian of G.H.,
Sylvia Jablonski, as Parent and Natural Guardian of R.J.,
Alicia Caputo, as Parent and Natural Guardian of S.J.,
Karin Tellier, as Parent and Natural Guardian of S.T.,
Gina Larsen, as Parent and Natural Guardian of A.L.,
Ann Marie DeGregoria, as Parent and Natural Guardian of L.D.,
Nancy Randazzo-Fuca, as Parent and Natural Guardian of V.F.,
Ariana Stubbman, as Parent and Natural Guardian of L.S.,
Amanda Merckling, as Parent and Natural Guardian of A.M.,
Steven Orlowski, as Parent and Natural Guardian of C.O.,
Alyson Halpin, as Parent and Natural Guardian of A.H.,
Noreen Pieper, as Parent and Natural Guardian of K.P.,

Case No.:24-cv-6836 (NJC) (LGD)

**FIRST AMENDED COMPLAINT**

Plaintiffs,

-against-

The New York State Department of Health,
Commissioner James McDonald,
Sachem Central School District,
Patricia Trombetta, as Superintendent of the Sachem Central
School District,
Elwood Union Free School District,
Gayle Steele, in her capacity as Superintendent of the Elwood
Union Free School District,
Huntington Union Free School District,
Beth M. McCoy, in her capacity as Superintendent of the
Huntington Union Free School District,
Eastport-South Manor Central School District,
Joseph A. Steimel, in his capacity as Superintendent of the
Eastport-South Manor Central School District,
Northport-East Northport Union Free School District,
Dr. Dave Moyer, in his capacity as Superintendent of the
Northport-East Northport Union Free School District,
Sayville Union Free School District,
Dr. Marc Ferris, in his capacity as Superintendent of the
Sayville Union Free School District,
Smithtown Central School District,
Mark Secaur, in his capacity as Superintendent of the
Smithtown Central School District,

1

Islip Union Free School District,
Dr. Kathleen O'Callaghan, in her capacity as acting
Superintendent of the Islip Union Free School District,
South Country Central School District,
Antonio Santana, in his capacity as Superintendent of the South
Country Central School District,
Mattituck-Cutchogue Union Free School District,
Shawn Petretti, in his capacity as Superintendent of the
Mattituck-Cutchogue Union Free School District,
Three Village Central School District,
Dr. Kevin Scanlon, in his capacity as Superintendent of the Three
Village Central School District,

Defendants

———————————————————————————X

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516-353-0075
James@MermigisLaw.com

Chad J. LaVeglia, Esq.
 **LAW OFFICE OF CHAD J. LAVEGLIA, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York 11788.
(631) 450-2468
claveglia@cjllaw.org

"Without due process, truth and justice die in the darkness. The innocent and guilty alike perish at the whim of their accuser."

## PRELIMINARY STATEMENT

The Fourteenth Amendment's Procedural Due Process Clause is unambiguous. No state shall deprive "any person of life, liberty, or property, without due process of law." While Students were socializing and learning, the New York State Department of Health (DOH) was plotting to remove them from their schools. What began as a bona fide investigation into a former nurse practitioner turned into a campaign against her innocent, former patients. The DOH and named school districts (Districts) (collectively Defendants) are preventing Students with lawful proof of vaccination from attending school. Defendants are preventing Students of all ages from obtaining an education, from developing, from learning. Why? Because the DOH unilaterally determined that Students' valid records of immunization were falsified. It conducted a secret investigation behind closed doors. School Districts enforced the DOH's directives. Defendants stripped Students of their right to an education without so much as notice and an opportunity to be heard. The defendants conduct violates the core tenants of the Fourteenth Amendment. Accordingly, Plaintiffs respectfully requests this Honorable Court grant the following relief:

i.   As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendants deprived Plaintiffs of their property right to a free public education without due process of law as required under the Fourteenth Amendment.

ii. As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that the DOH's directive to the School Districts instructing the Districts to exclude students and reject their certificates of immunization to be unconstitutional

iii. As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendant School Districts violated the NYS Education Law by barring Students from attendance in school upon full instruction without providing the process required under the Education Law.

iv. As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that School Districts' letters and instruction excluding Students from school to be unconstitutional.

v. Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining the Defendant DOH from unilaterally excluding Students unless and until it provides the process due under the Fourteenth Amendment.

vi. Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining Defendant School Districts from enforcing the DOH's directives or otherwise excluding Students from school based on mere allegations that Students immunization records are falsified unless and until School Districts provide Students with the process due under the Fourteenth Amendment and NYS Education Law.

vii. Such other and fuller relief as this Court deems just, proper and equitable.

4

## PARTIES

1.  Plaintiff Brian Walker was at all relevant times herein the parent of M.W. who attended school in the Sachem Central School District until Defendants excluded M.W. without due process.

2.  Plaintiff Kelly McKeon was at all relevant times herein the parent of A.C. who attended school in the Elwood Union Free School District until Defendants excluded A.C. without due process.

3.  Plaintiff Amy Habel was at all relevant times herein the parent of G.H. who attended school in the Huntington Union Free School District until Defendants excluded G.H. without due process.

4.  Plaintiff Sylvia Jablonski was at all relevant times herein the parent of R.J. who attended school in the Eastport-South Manor Central School District until Defendants excluded R.J. without due process.

5.  Plaintiff Alicia Caputo was at all relevant times herein the parent of S.J. who attended school in the Northport-East Northport Union Free School District until Defendants excluded S.J. without due process.

6.  Plaintiff Karen Tellier was at all relevant times herein the parent of S.T. who attended school in the Sayville Union Free School District until Defendants excluded S.T. without due process.

7. Plaintiff Gina Larsen was at all relevant times herein the parent of A.L. who attended school in the Smithtown Central School District until Defendants excluded A.L. without due process.

8. Plaintiff Anne Marie DeGregoria was at all relevant times herein the parent of L.D. who attended school in the Sayville Union Free School District until Defendants excluded L.D. without due process.

9. Plaintiff Nancy Randazzo-Fuca was at all relevant times herein the parent of V.F. who attended school in the Sachem Central School District until Defendants excluded V.F. without due process.

10. Plaintiff Amanda Merckling was at all relevant times herein the parent of A.M. who attended school in the South Country Central School District until Defendants excluded A.M. without due process.

11. Plaintiff Ariana Stubbman was at all relevant times herein the parent of L.S. who attended school in the Islip Union Free School District until Defendants excluded L.S. without due process.

12. Plaintiff Steven Orlowski was at all relevant times herein the parent of C.O. who attended school in the Mattituck-Cutchogue Union Free School District until Defendants excluded C.O. without due process.

13. Plaintiff Alyson Halpin was at all relevant times herein the parent of A.H. who attended school in the Three Village Central School District until Defendants excluded A.H. without due process.

14. Plaintiff Noreen Pieper was at all relevant times herein the parent of K.A.P. who attended school in the Smithtown Central School District until Defendants excluded K.A.P. without due process.

15. Defendant New York State Department of Health (DOH) is an agency within the Executive Branch of the State of New York with its principal place of business located in Albany, New York. Defendant unilaterally erased Plaintiffs' childrens' vaccination records from the statewide database (NYSIIS), instructed Defendant School Districts to exclude Plaintiffs' children from school, determined that Plaintiffs could not submit certificates of immunization as valid proof, and determined all of Plaintiffs' children's immunization records to be fraudulent without providing due process of law.

16. At all relevant times herein, James McDonald was acting under color of law as the Commissioner of the New York State Department of Health and is responsible for overseeing and executing the determinations challenged.

17. At all relevant times herein Defendant Sachem Central School District was a school district located within Suffolk County, State of New York.

18. At all relevant times herein Patricia Trombetta as Superintendent of the Sachem Central School District was responsible for overseeing the entire staff and enforcing the DOH's directives.

19. At all relevant times herein Defendant Elwood Union Free School District is a school district located within Suffolk County, State of New York.

20. At all relevant times herein Gayle Steele, in her capacity as Superintendent of the Elwood Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

21. At all relevant times herein Defendant Huntington Union Free School District is a school district located within Suffolk County, State of New York.

22. At all relevant times herein Beth M. McCoy, in her capacity as Superintendent of the Huntington Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

23. At all relevant times herein Defendant Eastport-South Manor Central School District is a school district located within Suffolk County, State of New York.

24. At all relevant times herein Joseph A. Steimel, in his capacity as Superintendent of the Eastport-South Manor Central School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

25. At all relevant times herein Defendant Northport-East Northport Union Free School District is a school district located within Suffolk County, State of New York.

26. At all relevant times herein Dr. Dave Moyer, in his capacity as Superintendent of the Northport-East Northport Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

27. At all relevant times herein Defendant Sayville Union Free School District is a school district located within Suffolk County, State of New York.

28. At all relevant times herein Dr. Marc Ferris, in his capacity as Superintendent of the Sayville Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

29. At all relevant times herein Defendant Smithtown Central School District is a school district located within Suffolk County, State of New York.

30. At all relevant times herein Mark Secaur, in his capacity as Superintendent of the Smithtown Central School District, was responsible for overseeing staff and enforcing the DOH directives.

31. At all relevant times herein Defendant Islip Union Free School District is a school district located within Suffolk County, State of New York.

32. At all relevant times herein Dr. Kathleen O'Callaghan, in her capacity as acting Superintendent of the Islip Union Free School District, was responsible for overseeing staff and enforcing the DOH directives.

33. At all relevant times herein Defendant South Country Central School District is a school district located within Suffolk County, State of New York.

34. At all relevant times herein Antonio Santana, in his capacity as Superintendent of the South Country Central School District, was responsible for overseeing staff and enforcing the DOH directives.

35. At all relevant times herein Defendant Mattituck-Cutchogue Union Free School District is a school district located within Suffolk County, State of New York.

36. At all relevant times herein Shawn Petretti, in his capacity as Superintendent of the Mattituck-Cutchogue Union Free School District, was responsible for overseeing staff and enforcing the DOH directives.

37. At all relevant times herein Defendant Three Village Central School District is a school district located within Suffolk County, State of New York.

38. At all relevant times herein Dr. Kevin Scanlon, in his capacity as Superintendent of the Three Village Central School District, was responsible for overseeing staff and enforcing the DOH directives.

## JURISDICTION & VENUE

39. This Court has original jurisdiction pursuant to 28 U.S.C §1331 and §1343.

40. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

41. The United States District Court for the Eastern District of New York is the proper venue under 28 U.S.C. §1391(b)(2) since it is where a substantial part of the events giving rise to Plaintiffs' claims occurred.

## STATEMENT OF FACTS

42. Beginning in the fall of the 2024-2025 school year, the New York State Department of Health (DOH) began its school exclusion campaign.

43. The DOH determined, in secrecy, that minor Plaintiffs' (Children or Students) immunization records were falsified.

44. The DOH then erased Students' records from the statewide database (NYSIIS).

45. On September 9, 2024, the DOH issued a press release boasting about voiding "pediatric immunization records for approximately 135 children." [1]

46. The Children began the 2024-2025 school year in compliance with New York State's school vaccination requirements.

47. Suddenly, unsuspecting, innocent Children were no longer in compliance because the DOH wiped their proof of their immunizations from NYSIIS.

48. What Plaintiffs have in common is that they all used the same former nurse practitioner to administer their children's immunizations.

49. This former nurse practitioner was convicted of several crimes, including money laundering, for receiving payment from undercover detectives in exchange for falsified COVID-19 vaccination cards.

50. The conduct underlying the nurse practitioner's conviction is wholly unrelated to administering childhood vaccinations.

51. Nevertheless, the DOH targeted Children simply because they chose a provider who went rogue.

52. This former nurse practitioner has not been found guilty of any unlawful conduct relating to administration of childhood vaccines.

53. Indeed, the DOH began administrative proceedings against this former nurse practitioner to determine whether childhood vaccination were in fact falsified in NYSIIS. A hearing is scheduled for November 19, 2024. *Id.*

---

[1] https://www.health.ny.gov/press/releases/2024/2024-09-09_pediatric_vaccination_records.htm (last accessed October 22, 2024).

11

54. While the DOH is providing this former nurse practitioner due process to determine whether the records uploaded to NYSIIS were falsified, it provided Plaintiffs with none.

55. Instead of waiting for findings of fact through the administrative process, the DOH circumvented it by concluding Plaintiffs' records of immunization were falsified.

56. Pursuant to Public Health Law §2164 parents may establish proof of immunization by providing their school with a certificate of immunization.

57. Since the DOH erased Children's electronic immunization records, Plaintiffs were left with only certificates of immunization as proof.

58. The DOH however, took measures to ensure that the law would not apply to Plaintiffs.

59. It instructed Defendant School Districts to refuse certificates of immunization signed by this former nurser practitioner.

60. Defendant School Districts did more than blindly follow.

61. They adopted the DOH's conclusions and explicitly determined that Children were not vaccinated even though they had legally valid certificates of immunization.

62. Defendant School Districts informed Plaintiffs that Children would no longer be permitted to attend school unless they got revaccinated.

63. The sole purpose of requiring schoolchildren to receive vaccinations is to protect the health of other students.

64. Unvaccinated children pose a health threat to other students because they can spread diseases to other students, thereby endangering their health and safety.

65. The School Districts did not provide Children with any process whatsoever. Plaintiffs were not even provided notice and an opportunity to be heard.

66. The DOH did not provide Children with any process whatsoever. Plaintiffs were not even provided notice and an opportunity to be heard.

67. Children are fully excluded from school.

68. Children never got other students sick with the diseases enumerated in PHL §2164 nor have they been infected with those diseases.

69. Plaintiff Brian Walker received notice from Defendant Sachem Central School District by letter dated September 10, 2024, that M.W. will be excluded from school on September 18, 2024. *See* (Exhibit 1). M.W. was removed from school on September 18, 2024, without an opportunity to be heard and without process. The DOH sent Mr. Walker a letter dated September 9, 2024, informing him that his child's records were fraudulent (Exhibit 1.1). M.W. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Walker Aff.).

70. Plaintiff Kelly McKeon received notice from Defendant Elwood Union Free School District on September 9, 2024, that A.C. will be removed from school on September 18, 2024, (Exhibit 2). A.C. was removed from school by Defendants on September 18, 2024, without an opportunity to be heard and without process. A.C. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (McKeon Aff).

13

71. Plaintiff Amy Habel received notice from Defendant Huntington Union Free School District on September 11, 2024, that G.H. will be excluded from school on September 17, 2024, (Exhibit 3). G.H. has been excluded from school since September 17, 2024, without notice and an opportunity to be heard. G.H. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Habel Aff).

72. Plaintiff Sylvia Jablonski received notice from Defendant Eastport-South Manor Central School District on September 10, 2024, that R.J. will be excluded from school on September 17, 2024, (Exhibit 4). R.J. was excluded from school by Defendants on September 17, 2024, without an opportunity to be heard and without process. The DOH sent Ms. Jablonski a letter dated September 9, 2024, informing her that her child's records were fraudulent (Exhibit 4.1). R.J. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Jablonski Aff.).

73. Plaintiff Alicia Caputo received notice from Defendant Northport-East Northport Union Free School District on September 12, 2024, that S.J. will be removed from school on September 20, 2024, *see* (Exhibit 5). S.J. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Caputo a letter dated September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 5.1). S.J. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Caputo Aff).

14

74. Plaintiff Karin Tellier received a letter from Defendant Sayville Union Free School District dated October 3, 2024, that S.T. would be excluded from school as of October 18, 2024 (Exhibit 6). S.T. has been excluded since then without an opportunity to be heard and without process. The DOH sent Ms. Tellier notice on September 11, 2024, stating that the child's immunization records were fraudulent (Exhibit 6.1). S.T. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Tellier Aff).

75. Plaintiff Gina Larsen received notice from Defendant Smithtown Central School dated September 9, 2024, that A.L will be removed from school on September 20, 2024, (Exhibit 7). A.L. has been excluded from school since then without notice and an opportunity to be heard. A.L. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Larsen Aff). Defendant School District rejected Ms. Larsen's certificate of immunization. *Id.*

76. Plaintiff Ann Marie DeGregoria received notice from Defendant Sayville Union Free School District dated September 12, 2024, that L.D. would be excluded from school on September 26, 2024, (Exhibit 8). L.D. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. DeGregoria notice on September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 8.1). L.D. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (DeGregoria Aff).

77. Plaintiff Nancy Randazzo-Fuca received notice from Defendant Sachem Central School District dated September 16, 2024, that V.F. would be excluded from school

15

just two days later on September 18, 2024. (Exhibit 9). V.F. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Randazzo-Fuca notice on September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 9.1). V.F. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Randazzo-Fuca Aff).

78. Plaintiff Amanda Merckling received notice from Defendant South Country Central School District dated September 13, 2024, that A.M. would be excluded from school on September 17, 2024. (Exhibit 10). A.M. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Merckling notice on September 10, 2024, stating that the child's immunization records were fraudulent (Exhibit 10.1). Defendant School District rejected A.M.'s certificate of immunization. A.M. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Merckling Aff).

79. Plaintiff Ariana Stubbman received notice from Defendant Islip Union Free School District dated September 10, 2024, that L.S. will be excluded from school on September 23, 2024. (Exhibit 11). L.S. has not been in school since then without notice and an opportunity to be heard. Defendant DOH notified Ms. Stubbman in a letter dated September 9, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 11.1). Defendant School District rejected the child's certificate of immunization. *see* (Stubbman Aff). L.S will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Stubbman Aff).

16

80. Plaintiff Steven Orlowski received notice from Defendant Mattituck-Cutchogue Union Free School District on or about September 16, 2024, that C.O. will be excluded from school on September 16, 2024. (Exhibit 12). C.O. has not been in school since then without notice and an opportunity to be heard. Defendant School District rejected L.S.'s certificate of immunization. *see* (Orlowski Aff). Defendant DOH notified Mr. Orlowski in a letter dated September 16, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 12.1). C.O. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Orlowski Aff).

81. Plaintiff Alyson Halpin received notice from Defendant Three Village Central School District on September 10, 2024, that A.H. will be excluded from school on September 17, 2024, (Exhibit 13). A.H. has not been in school since then without notice and an opportunity to be heard. Defendant DOH notified Ms. Halpin in a letter dated September 9, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 13.1). A.H. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Halpin Aff).

82. Plaintiff Noreen Pieper received notice from Defendant Smithtown Central School District dated September 30, 2024, that K.A.P. would be excluded from school on October 1, 2024. (Exhibit 14). K.A.P. has been excluded from school since then

17

without notice and an opportunity to be heard. Defendant School District rejected K.A.P.'s certificate of immunization. *see* (Pieper Aff). K.A.P. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Pieper Aff).

83. Defendants have deprived every Child of their fundamental property right to a free public education.

84. No child received any due process.

## FIRST CAUSE OF ACTION
### -Violation of the Fourteenth Amendment's Due Process Clause-
Pursuant to 42 U.S.C. §1983
### Against all Defendants

85. Plaintiffs repeat and re-allege every allegation above as though set forth fully herein.

86. The Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property without due process of law."

87. NYS Education Law §3202(1) provides that every person older than five (5) years old and less than twenty-one (21) years who has not received a high school diploma are entitled to a free public education.

88. NYS Education Law §3205 requires that every person in the State between the ages of six (6) and sixteen (16) attend school upon instruction. School attendance is compulsory.

18

89. When a state makes school attendance compulsory and guarantees free public education to its citizens then education is a property right protected under the Fourteenth Amendment.

90. Commissioner James McDonald was acting under color of law as the final policy maker for the DOH and government official charged with implementing and executing the expulsion of Students.

91. All Superintendents acted under color of law as the chief executives of their respective school districts and persons responsible for executing the expulsion of Students.

92. All minor Plaintiffs are between the ages of six (6) and sixteen (17) years.

93. All Defendants deprived Plaintiffs of their property right to a free public education by excluding them from attending school.

94. All Defendants deprived Plaintiffs of their property right without any pre or post deprivation due process.

95. No Defendant provided a single Plaintiff with the bare minimum of notice and an opportunity to be heard.

## SECOND CAUSE OF ACTION
### -Violation of New York State Education Law-
### Against School District Defendants

96. Plaintiffs repeat and re-allege every allegation above as though set forth fully herein.

97. Pursuant to NYS Education Law §3214(c)(a) a pupil may be suspended from attendance upon instruction only if the pupil is "insubordinate or . . .whose conduct otherwise endangers the safety . . .health or welfare of others."

98. The word 'suspend" is defined as "to debar temporarily especially from a privilege, office or function."[2]

99. NYS Education Law §3214(c)(1) states that "[n]o pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil and to present witnesses and other evidence on his or her behalf."

100. Children were in compliance with the Public Health Law's vaccination requirements for school.

101. Defendant School Districts asserted that Children were not vaccinated.

---

[2] Merriam-Webster Online Dictionary https://www.merriam-webster.com/dictionary/suspend (last accessed October 22, 2024).

20

102.   Defendant School Districts necessarily also determined that Children endangered the safety, health or welfare of other students by concluding they were not vaccinated.

103.   Several Defendant School Districts refused to accept Plaintiffs' lawful certificates of immunization.

104.   Consequently, Defendants prohibited Children from attending school.

105.   Children have been excluded from school for a period of longer than five (5) days.

106.   Defendant School Districts did not provide Children with any process.

107.   Defendant School Districts did not provide Children with the process required under the Education Law.

108.    In the alternative, School Districts violated the Education Law by excluding Children absent any of the enumerated grounds set forth in NYS Education Law §3214(c)(a).

## RELIEF REQUESTED

109.   As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendants deprived Plaintiffs of their property right to a free public education without due process of law as required under the Fourteenth Amendment.

110.   As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that the DOH's directive to the School Districts instructing the Districts to exclude students and reject their certificates of immunization to be unconstitutional

21

111.   As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendant School Districts violated the NYS Education Law by barring Students from attendance in school upon full instruction without providing the process required under the Education Law.

112.   As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that School Districts' letters and instruction excluding Students from school to be unconstitutional.

113.   Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining the Defendant DOH from unilaterally excluding Students unless and until it provides the process due under the Fourteenth Amendment.

114.   Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining Defendant School Districts from enforcing the DOH's directives or otherwise excluding Students from school based on mere allegations that Students immunization records are falsified unless and until School Districts provide Students with the process due under the Fourteenth Amendment and NYS Education Law.

115.   Such other and fuller relief as this Court deems just, proper and equitable.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request this Court grant the relief

requested based on the Affidavits, exhibits, Memorandum of Law, and other papers

submitted in connection with this action.


Dated:    Hauppauge, New York
          October 23, 2024


_____
Chad J. LaVeglia, Esq.
**Law Office of Chad J. LaVeglia, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York  11788

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com