```
                                                                  1

  SUPREME COURT OF THE STATE OF NEW YORK

  COUNTY OF SUFFOLK                PART VIII
  ---------------------------------------X
  THE PEOPLE OF THE STATE OF NEW YORK   Court Case No.:
                                        IND-70771-23/001
             -against-                  IND-70807-23/001
                                        IND-71631-23/001

                                           Proceeding:
                                           SENTENCE
  JULIE DEVUONO,
                              Defendant.
  ---------------------------------------X
                                  June 11, 2024
                                  Riverhead, New York


  B e f o r e :

             HONORABLE JOHN B. COLLINS,
                  Supreme Court Justice



  A p p e a r a n c e s :

             RAYMOND A. TIERNEY, District Attorney
             County of Suffolk
             For the People of the State of New York
        BY:  JAMES BARTENS, ESQ.
             ADRIANA NOYOLA, ESQ.
             Assistant District Attorney

             GAITMAN & RUSSO
             666 Old Country Road
             Garden City, New York
        BY:  JASON RUSSO, ESQ.
             For the Defendant




  R e p o r t e d   B y :

             LAUREN R. CARPENTER, RPR
             Senior Court Reporter
```

1                    THE CLERK:  Case numbers 7, 9, and
2     10 on the calendar, Julie Devuono, on for
3     sentence.
4                    (Whereupon, the defendant stepped
5     up to the rail.)
6                    THE COURT:  The parties will be the
7     same, Lauren, as the corporation.
8                    Good morning, Mr. Bartens.
9                    Good morning, Mr. Russo.
10                   Good morning, Ms. Devuono.
11                   Mr. Russo, Mr. Bartens, have each
12    of you received a copy of the presentence
13    investigation report prepared by the probation
14    department?
15                   MR. BARTENS:  Yes, your Honor.
16                   MR. RUSSO:  I have, Judge.
17                   THE COURT:  And, Mr. Russo, do you
18    have any quarrel with the content on Ms.
19    Devuono's behalf?
20                   MR. RUSSO:  None whatsoever.
21                   THE COURT:  Is she otherwise ready
22    for sentence?
23                   MR. RUSSO:  She's ready for
24    sentence.
25                   THE COURT:  Mr. Bartens, I have a

1  couple of questions for you first before I
2  hear what you would like to say with respect
3  to sentence.
4          Both you and I have been informed
5  of a separate, and perhaps concurrent,
6  investigation of Ms. Devuono and her practice
7  and the Department of Health has alleged some
8  226 alleged false vaccination submissions to
9  the Department of Health, and that apparently
10 ran from a period of January of '20 to
11 December of '21 and that involves at least 26
12 pediatric patients who were not, allegedly who
13 were not given the vaccination that was
14 reported to the Department of Health.  Seeing
15 as it's within the statute of limitations,
16 does the district attorney intend to undertake
17 an investigation of those allegations?
18         MR. BARTENS:  If referred to us by
19 the Department of Health, of course we will
20 look at whatever evidence they have come
21 about, but as of this point we are not privy
22 to their investigation as far as what evidence
23 they have procured.  That has been a separate
24 investigation.
25         This investigation however --

1    THE COURT: Did you get the same
2  paperwork I got that has an eight page
3  appendix to it laying out those facts?
4    MR. BARTENS: I don't believe I
5  have, Judge.
6    THE COURT: Come on.
7    MR. BARTENS: I have a charging
8  instrument from the Department of Health that
9  was emailed to all the parties. Let me see if
10 there is an appendix to it, your Honor.
11   THE COURT: Sure. Take your time.
12 There it is.
13   MR. BARTENS: Oh, yes.
14   THE COURT: So you do have the
15 eight page appendix?
16   MR. BARTENS: Yes. The allegations
17 for each child, yes, we have that.
18   THE COURT: So you do have it all?
19   MR. BARTENS: We do.
20   THE COURT: What are you going to
21 do with it?
22   MR. BARTENS: Judge, if it needs to
23 be investigated, the Department of Health will
24 refer it to us. They are still conducting
25 their investigation. This, however, conduct

1    predates the plea, so it would not disturb any
2    negotiated plea that we have here.  It also
3    was known this could be a possibility when we
4    negotiated the plea.  It was discussed within
5    the Grand Jury testimony, which was disclosed
6    to Mr. Russo.  So this was not a complete
7    shock and we have been aware of the Department
8    of Health's investigation into this matter.
9             THE COURT:  Okay.  I reached the
10   same conclusion that you did with regard to
11   your plea agreement since the allegations
12   predate the plea agreement that you entered
13   into with the defendant and her corporation.
14   I fully understand that it's not a violation
15   of the agreement.  I was just curious as to
16   what you intended to do about any of this, but
17   I have my answer.  Thank you.
18             Having the benefit of the
19   presentence investigation, Mr. Russo, Mr.
20   Bartens, is the defendant ready to be
21   sentenced?
22             MR. RUSSO:  She is.
23             THE COURT:  Very well.  Thank you.
24             Mr. Bartens, I'll hear anything you
25   have to say with respect to Ms. Devuono's

1       sentence and the three pleas that she took.
2                   MR. BARTENS:  Yes.  Thank you, your
3       Honor.
4                   For the defendant's conviction to
5       money laundering in the second degree, forgery
6       in the second degree, and offering a false
7       instrument for filing in the first degree, we
8       ask the Court to impose the bargained-for
9       disposition of six months in jail and five
10      years probation.  In lieu of the jail sentence
11      defendant will complete 840 hours of community
12      service as a condition of probation.  We'd
13      also ask for alcohol and narcotics condition
14      to be part of the conditions of probation.
15      All of those sentences would run concurrent.
16                  Also, for each one of the
17      defendant's convictions for each felony we
18      would ask the Court to impose the
19      bargained-for fine for each felony conviction
20      of $5,000, for a total of $15,000.
21                  The forfeiture with regards to this
22      matter has previously been satisfied and the
23      defendant has, at the plea, surrendered both
24      of her nursing licenses and had closed the
25      pediatric practice as well at the time of the

1     plea.
2                THE COURT: All right. Thank you,
3     Mr. Bartens. And I'm familiar with the plea
4     agreement between the District Attorney's
5     Office and Mr. Russo and his client, and as I
6     told you all in chambers, I'm not going to
7     disturb that plea agreement, even based on the
8     new information that I've received.
9                And it's also my understanding that
10    the district attorney is asking that all three
11    sentences run concurrently and that the 840
12    hours of community service be concurrent as
13    well as to all three convictions, correct?
14               MR. BARTENS: That is correct, you
15    Honor. Thank you.
16               THE COURT: And as I said, I intend
17    to honor that.
18               I will have added one condition to
19    each of the probationary sentence and the
20    community service sentence. In addition to
21    the alcohol, narcotic, OASAS, home search, and
22    perhaps mental health conditions, the
23    condition that I've added both to the
24    community service and the probationary
25    sentence is that the defendant is not to work

1     in any healthcare or medical facility to
2     satisfy the community service hours and she is
3     not to do so at any time during the pendency
4     of her probationary sentence.
5              I also intend, while I understand
6     the defendant may move out of state, it's my
7     intention to retain jurisdiction over this
8     probationary sentence, even if it's
9     transferred to another state.  In the event
10    that there are any bumps in the road the case
11    will be referred back to me.
12             Now, Mr. Russo, sir, I'll hear
13    anything you have with regard to the
14    negotiated sentence between yourself and the
15    District Attorney's Office.
16             MR. RUSSO:  Thank you, Judge.  Just
17    briefly.
18             As the Court just noted my client
19    has relocated to Pennsylvania.  Has provided
20    that information early on to probation.
21    They've reached out to her there already.
22    She's been cooperative with them as far as
23    providing her whereabouts and they actually
24    confirmed where she is living and they have
25    that information.

1        THE COURT:  That is my
2    understanding.
3        MR. RUSSO:  So, Judge, as you
4    pointed out this was a bargained-for
5    disposition that did require my client to meet
6    certain requirements both before she pled
7    guilty and after she pled guilty.  She did
8    comply fully with the forfeiture in this case
9    forfeiting approximately 1.2 million dollars,
10   which was the ill-gotten gains, for lack of a
11   better expression, of the crime here.  She
12   forfeited that before she even took the plea.
13   She obviously followed your warning to the
14   letter, cooperating with probation.  Obviously
15   she's here today for sentencing and she hasn't
16   committed any other offense.
17        I can tell this Court from my
18   conversation with my client over the length of
19   this case that she has incredible remorse.
20   She has acknowledged her guilt before this
21   Court and to me personally and she suffered
22   for it.  She has seen firsthand that crime
23   does not pay.  Any ill-gotten gains were
24   forfeited.  She lost her license for a career
25   that she spent years building into a

1  successful practice.  She was a beloved nurse
2  for her community.  I got scores and scores of
3  letters and calls on behalf of patients
4  supporting her for the years of the work that
5  she did treating their loved ones.
6              THE COURT:  Or not treating.
7              MR. RUSSO:  Acknowledge, Judge.
8  And my client acknowledges that crime that she
9  committed during this.  However, Judge, my
10 client is now destitute.  She's lost her home,
11 lost her business, lost her career, lost her
12 corporations, lost everything, no fault other
13 than her own, and she acknowledges that and
14 she has genuine remorse for her actions and
15 what transpired here.
16             I am confident in telling this
17 Court that my client will fully comply with
18 the terms of probation as you set forth, what
19 you're about to impose, and that you are never
20 going to see this woman before any court ever
21 again.
22             THE COURT:  Thank you, Mr. Russo.
23             Ms. Devuono, the law gives you a
24 chance to say anything you would like to say
25 about all that remorse you have at the time of

1  sentence.  If there is anything you'd like to
2  say, you can say it now.
3              THE DEFENDANT:  No thank you.
4              THE COURT:  Okay.  Thank you.
5              This case was not a referendum on
6  the necessity or the efficacy of the COVID
7  vaccines or the governmental mandates.  This
8  case is about greed.  Abject greed.  You are
9  not some altruistic heroine, some archangel of
10 the anti-vax people.  You are an opportunistic
11 thief who prostituted her medical expertise
12 and her license to help people to feather your
13 own nest.
14             You tossed away thousands of vials
15 of needed medicine.  And, yes, people did die.
16 Meanwhile, you and your family profited
17 greatly.  You monetized people's fears.
18 Whether it be fear of the vaccine or fear of
19 losing their jobs.  You endangered hundreds,
20 if not thousands of folks who relied on your
21 clients', not patient, clients' phony
22 protective cloaks.  In addition, you abused
23 your family, live and dead, by falsifying
24 narcotic scripts in their name.
25             For your conviction of money

1    laundering in the second degree, it is the
2    sentence of this Court that you receive a five
3    year probationary sentence based upon your
4    agreement with the District Attorney's Office
5    to resolve your case.  A precondition of that
6    five year probationary sentence is that you
7    serve six months in the county jail.  That six
8    months in the county jail, based on your
9    agreement with the district attorney, may be
10   satisfied by 840 hours of community service.
11   I will leave it to the supervising probation
12   department to determine what that community
13   service ought to be, with the restrictions
14   that have been placed on such service.
15              Attendant to that conviction is the
16   need for me to issue an order in writing that
17   prohibits you from now into the future of
18   owning, possessing or purchasing, attempting
19   to purchase, or attempting to possess any
20   rifles, shotguns, or firearms.
21              Also, attendant to this conviction
22   is an additional $375 in court costs and
23   surcharges which you will have until August
24   12th to pay.
25              It's my understanding that as

1  destitute as you may be, that you have that
2  money today.  However, I'll give you time to
3  pay in the event there is any hitch in your
4  payment.
5        In the event there is a problem,
6  Mr. Russo, if I can help in any regard, you
7  let me know.
8        MR. RUSSO:  Thank you, Judge.
9        THE COURT:  You're welcome.
10       With regard to your conviction for
11 forgery in the second degree, it is similarly
12 the sentence of this Court, based on your
13 agreement with the District Attorney's Office,
14 that you receive a five year probationary
15 sentence.  A precondition of that probationary
16 sentence is that you serve six months in the
17 county jail.  However, that six months in the
18 county jail may be satisfied by 840 hours of
19 community service with the attendant
20 restrictions that I have already spoken to.
21       Attendant to the conviction as well
22 is another $375 in court costs and surcharges
23 which are mandatory.
24       You are also by virtue of that
25 conviction prohibited from now into the

```
 1    future, pursuant to CPL Section 370.25, of
 2    owning, possessing, or purchasing, attempting
 3    to purchase or attempting to possess any
 4    rifles, shotguns, or firearms.
 5             I might have neglected to mention
 6    with regard to the money laundering that there
 7    is a $5,000 fine attendant to that conviction,
 8    as well as agreed between you and the DA.
 9             With regard to the forgery in the
10    second degree, there is also a $5,000 fine
11    pursuant to the agreement between yourself and
12    the district attorney.
13             For your conviction of offering a
14    false instrument for filing in the first
15    degree, it is similarly the sentence of this
16    Court that you receive a five year
17    probationary sentence.  A prerequisite of that
18    five year probationary sentence is six months
19    in the county jail.  However, that six months
20    in the county jail will be satisfied by 840
21    hours of community service with the previously
22    mentioned restrictions.
23             There is a $5,000 fine on that
24    conviction as well as regard the agreement
25    between yourself and the District Attorney's
```

|   |   |
|---|---|
| 1 | Office. |
| 2 | Also, attendant to that conviction |
| 3 | is the need for me to impose some $375 in |
| 4 | court costs and surcharges. Again, the time |
| 5 | to pay will be August 12th, but it's my |
| 6 | understanding you intend to take care of those |
| 7 | things today. |
| 8 | Again, Mr. Russo, if there is any |
| 9 | kind of hitch, if I can help you, let me know. |
| 10 | The three sentences just imposed |
| 11 | are all ordered to run concurrently. That |
| 12 | includes the community service terms and |
| 13 | probationary sentences. |
| 14 | The fines, however, are each |
| 15 | separate, five thousand on each for a total of |
| 16 | 15 thousand. And the costs and surcharges are |
| 17 | adding up to a thousand and a quarter? |
| 18 | THE CLERK: What? |
| 19 | THE COURT: The surcharges |
| 20 | together. |
| 21 | THE CLERK: Oh, the three |
| 22 | surcharges today. |
| 23 | THE COURT: I didn't do my |
| 24 | arithmetic ahead of time. |
| 25 | THE CLERK: $5,375 on each |

1  indictment.  $16,125.
2              THE COURT:  The paperwork will be
3  self-explanatory, Mr. Russo.  I apologize.  If
4  I could do math I would have been a doctor.
5              I believe we have some paperwork
6  that needs to be executed.  Mr. Russo, if you
7  could help your client along with that.
8              (Whereupon, the defendant executed
9  the aforementioned document.)
10             THE COURT:  Mr. Russo, I know her
11 husband is or was a police officer.
12             MR. RUSSO:  Correct.
13             THE COURT:  I would suggest they
14 rid their household of any weapons.
15             MR. RUSSO:  I advised them
16 accordingly.
17             THE COURT:  Good.  I was just
18 thinking aloud.
19             MR. RUSSO:  Judge, shall I advise
20 my client?
21             THE COURT:  I just want to let the
22 clerk finish.  Thank you though.  And please
23 thank Judge Gugerty for making you available.
24             MR. RUSSO:  I certainly will.
25             THE COURT:  Ms. Devuono, on the

1  three charges Mr. Russo needs to advise you of
2  your right to appeal. Rather than have him do
3  it three times, would it be okay if he read it
4  to you once?
5  THE DEFENDANT: Yes.
6  THE COURT: Mr. Russo, you can
7  advise her, even though I know she's waived
8  her right of appeal on any number of occasion
9  and in many modes, but please advise her on
10 the record.
11 MR. RUSSO: Certainly, Judge.
12 Ms. Devuono, you have the right to
13 appeal your judgement of conviction and
14 sentence imposed upon you this date by filing
15 a Notice of Appeal in duplicate with the clerk
16 of the court within 30 days of today's date.
17 An additional copy must also be served on the
18 Office of the District Attorney.
19 If you cannot afford an attorney
20 for this purpose, up can apply to the
21 Appellate Division located at 45 Monroe Place,
22 Brooklyn, New York, and request that counsel
23 be assigned for this purpose.
24 THE COURT: Thank you, Mr. Russo.
25 Let the record reflect that the

1    right of appeal on the record just advised is
2    with respect to indictment number 70771 of 23,
3    71631 of 23 and 70807 of 23.
4              MR. RUSSO: Just one more thing, my
5    client just informed me that based upon what
6    she anticipated your sentence would be she was
7    prepared to pay the $15,000 fine. She didn't
8    realize she had the surcharges today. So our
9    intent today is to pay the $15,000 fine and
10   then I explained she has to August 12th to pay
11   the remaining surcharges on the three others.
12             THE COURT: That's absolutely fine.
13             MR. RUSSO: Thank you.
14             THE COURT: If there is a problem
15   at the clerk's office with respect to your
16   amount to pay, let me know.
17             MR. RUSSO: I will, Judge.
18             THE CLERK: Defendant is being
19   served with the order and conditions of adult
20   probation, as well as alcohol and narcotic
21   conditions, conditions of community service,
22   order conditions of conditional discharge on
23   both cases, as well as notice of summons in
24   the amount $5,375 on 71631 of 23, $5,375 on
25   70771 of 23, and $5,375 on 70807 of 23.

1      THE COURT:  And the conditional

2  discharge is only with respect to the

3  corporate entities.

4      THE CLERK:  Yes.

5      As well as an order directing the

6  surrender of firearms, rifles, and shotguns on

7  all three cases.

8      MR. RUSSO:  Acknowledge receipt.

9      THE COURT:  Thank you, Mr. Russo.

10     Thank you, Mr. Bartens.

11     Thank you, Ms. Noyola.

12

13                    -o0o-

14            **REPORTER'S CERTIFICATION**

15     I, Lauren R. Carpenter, RPR, a Senior

16  Court Reporter, County Court, Suffolk

17  County, do hereby certify the above

18  pages to be a true, accurate and correct

19  transcript of the minutes in this matter.

20                    *Lauren R. Carpenter*

21                    Lauren R. Carpenter
                      Senior Court Reporter

22

23

24

25