AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Brian Walker, as Parent and Natural Guardian of M.W., et al. | ) |
| | ) |
| | ) |
| | ) |
| _____ See Caption Rider _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| The New York State Department of Health, et al. | ) |
| | ) |
| See Caption Rider | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. 2:24-cv-06836-NJC-LGD

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The New York State Department of Health
Corning Tower
Empire State Plaza
Albany, New York 12237

See Caption Rider

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Mermigis Law Group, P.C.
85 Cold Spring Road
Suite 200
Syosset, New York 11791

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date:   10/24/2024

*Alison Fortunato*
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————————————X
Brian Walker, as Parent and Natural Guardian of M.W.,
Kelly McKeon, as Parent and Natural Guardian of A.C.,
Amy Habel, as Parent and Natural Guardian of G.H.,
Sylvia Jablonski, as Parent and Natural Guardian of R.J.,
Alicia Caputo, as Parent and Natural Guardian of S.J.,
Karin Tellier, as Parent and Natural Guardian of S.T.,
Gina Larsen, as Parent and Natural Guardian of A.L.,
Ann Marie DeGregoria, as Parent and Natural Guardian of L.D.,
Nancy Randazzo-Fuca, as Parent and Natural Guardian of V.F.,
Ariana Stubbman, as Parent and Natural Guardian of L.S.,
Amanda Merckling, as Parent and Natural Guardian of A.M.,
Steven Orlowski, as Parent and Natural Guardian of C.O.,
Alyson Halpin, as Parent and Natural Guardian of A.H.,
Noreen Pieper, as Parent and Natural Guardian of K.P.,

                                                    Plaintiffs,

-against-

The New York State Department of Health,                 Case 2:24-cv-06836-NJC-LGD
Commissioner James McDonald,
Sachem Central School District,
Patricia Trombetta, as Superintendent of the             **CAPTION RIDER**
Sachem Central School District,
Elwood Union Free School District,
Gayle Steele, in her capacity as Superintendent of the
Elwood Union Free School District,
Huntington Union Free School District,
Beth M. McCoy, in her capacity as Superintendent of the
Huntington Union Free School District,
Eastport-South Manor Central School District,
Joseph A. Steimel, in his capacity as Superintendent of the
Eastport-South Manor Central School District,
Northport-East Northport Union Free School District,
Dr. Dave Moyer, in his capacity as Superintendent of the
Northport-East Northport Union Free School District,
Sayville Union Free School District,
Dr. Marc Ferris, in his capacity as Superintendent of the
Sayville Union Free School District,
Smithtown Central School District,
Mark Secaur, in his capacity as Superintendent of the
Smithtown Central School District,
Islip Union Free School District,
Dr. Kathleen O'Callaghan, in her capacity as acting Superintendent

of the Islip Union Free School District,
South Country Central School District,
Antonio Santana, in his capacity as Superintendent of the
South Country Central School District,
Mattituck-Cutchogue Union Free School District,
Shawn Petretti, in his capacity as Superintendent of the
Mattituck-Cutchogue Union Free School District,
Three Village Central School District,
Dr. Kevin Scanlon, in his capacity as Superintendent of the
Three Village Central School District,

                                                    Defendants.
——————————————————————————————————X

Case 2:24-cv-06836-NJC-LGD   Document 77   Filed 10/24/24   Page 4 of 6 PageID #:
459
Case 2:24-cv-06836-NJC-LGD   Document 74-2   Filed 10/23/24   Page 1 of 3 PageID #:
352

# RIDER

**DEFENDANTS**

1. The New York State Department of Health
   *New York State Department of Health*
   *Corning Tower*
   *Empire State Plaza,*
   *Albany, NY 12237*

2. Commissioner James McDonald
   Corning Tower
   Empire State Plaza,
   Albany, NY 12237

3. Sachem Central School District
   51 School Street Lake Ronkonkoma , New York 11779-2299

4. Patricia Trombetta, as Superintendent of the Sachem Central School District
   51 School Street Lake Ronkonkoma , New York 11779-2299

5. Elwood Union Free School District
   100 Kenneth Avenue, Greenlawn NY 11740

6. Gayle Steele, in her capacity as Superintendent of the Elwood Union Free
   School District
   100 Kenneth Avenue, Greenlawn NY 11740

7. Huntington Union Free School District
   50 Tower Street, Huntington Station NY 11746

8. Beth M. McCoy, in her capacity as Superintendent of the Huntington Union
   Free School District
   50 Tower Street, Huntington Station NY 11746

9. Eastport-South Manor Central School District
   149 Dayton Avenue, Manorville NY 11949

10. Joseph A. Steimel, in his capacity as Superintendent of the Eastport-South
    Manor Central School District
    149 Dayton Avenue, Manorville NY 11949

Case 2:24-cv-06836-NJC-LGD   Document 77   Filed 10/24/24   Page 5 of 6 PageID #:
Case 2:24-cv-06836-NJC-LGD   Document 74-2   Filed 10/23/24   Page 2 of 3 PageID #:
460
353

11. Northport-East Northport Union Free School District,
    W. J. Brosnan Building
    158 Laurel Avenue
    Northport, New York 11768

12. Dr. Dave Moyer, in his capacity as Superintendent of the Northport-East
    Northport Union Free School District,
    W. J. Brosnan Building
    158 Laurel Avenue
    Northport, New York 11768

13. Sayville Union Free School District
    99 Greeley Ave
    Sayville, NY 11782

14. Dr. Marc Ferris, in his capacity as Superintendent of the Sayville Union Free
    School District,
    99 Greeley Ave
    Sayville, NY 11782

15. Smithtown Central School District
    26 New York Avenue
    Smithtown, NY 11787

16. Mark Secaur, in his capacity as Superintendent of the Smithtown Central
    School District
    26 New York Avenue
    Smithtown, NY 11787

17. Islip Union Free School District
    215 Main Street
    Islip, NY 11751

18. Dr. Kathleen O'Callaghan, in her capacity as acting Superintendent of the
    Islip Union Free School District
    215 Main Street
    Islip, NY 11751

19. South Country Central School District
    *189 Dunton Avenue, East Patchogue, NY 11772*

Case 2:24-cv-06836-NJC-LGD    Document 77    Filed 10/24/24    Page 6 of 6 PageID #:
                                             461
Case 2:24-cv-06836-NJC-LGD    Document 74-2    Filed 10/23/24    Page 3 of 3 PageID #:
                                             354

20. Antonio Santana, in his capacity as Superintendent of the South Country
    Central School District
    *189 Dunton Avenue, East Patchogue, NY 11772*

21. Mattituck-Cutchogue Union Free School District
    385 Depot Lane, Cutchogue, NY 11935

22. Shawn Petretti, in his capacity as Superintendent of the Mattituck-
    Cutchogue Union Free School District
    385 Depot Lane, Cutchogue, NY 11935

23. Three Village Central School District
    100 Suffolk Avenue
    Stony Brook, NY 11790

24. Dr. Kevin Scanlon, in his capacity as Superintendent of the Three Village
    Central School District,
    100 Suffolk Avenue
    Stony Brook, NY 11790

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
Brian Walker, as Parent and Natural Guardian of M.W.,
Kelly McKeon, as Parent and Natural Guardian of A.C.,
Amy Habel, as Parent and Natural Guardian of G.H.,
Sylvia Jablonski, as Parent and Natural Guardian of R.J.,
Alicia Caputo, as Parent and Natural Guardian of S.J.,                          Case No.:24-cv-6836
Karin Tellier, as Parent and Natural Guardian of S.T.,                          (NJC) (LGD)
Gina Larsen, as Parent and Natural Guardian of A.L.,
Ann Marie DeGregoria, as Parent and Natural Guardian of L.D.,
Nancy Randazzo-Fuca, as Parent and Natural Guardian of V.F.,
Ariana Stubbman, as Parent and Natural Guardian of L.S.,                        **FIRST AMENDED**
Amanda Merckling, as Parent and Natural Guardian of A.M.,                       **COMPLAINT**
Steven Orlowski, as Parent and Natural Guardian of C.O.,
Alyson Halpin, as Parent and Natural Guardian of A.H.,
Noreen Pieper, as Parent and Natural Guardian of K.P.,

Plaintiffs,

-against-

The New York State Department of Health,
Commissioner James McDonald,
Sachem Central School District,
Patricia Trombetta, as Superintendent of the Sachem Central
School District,
Elwood Union Free School District,
Gayle Steele, in her capacity as Superintendent of the Elwood
Union Free School District,
Huntington Union Free School District,
Beth M. McCoy, in her capacity as Superintendent of the
Huntington Union Free School District,
Eastport-South Manor Central School District,
Joseph A. Steimel, in his capacity as Superintendent of the
Eastport-South Manor Central School District,
Northport-East Northport Union Free School District,
Dr. Dave Moyer, in his capacity as Superintendent of the
Northport-East Northport Union Free School District,
Sayville Union Free School District,
Dr. Marc Ferris, in his capacity as Superintendent of the
Sayville Union Free School District,
Smithtown Central School District,
Mark Secaur, in his capacity as Superintendent of the
Smithtown Central School District,

1

Islip Union Free School District,
Dr. Kathleen O'Callaghan, in her capacity as acting
Superintendent of the Islip Union Free School District,
South Country Central School District,
Antonio Santana, in his capacity as Superintendent of the South
Country Central School District,
Mattituck-Cutchogue Union Free School District,
Shawn Petretti, in his capacity as Superintendent of the
Mattituck-Cutchogue Union Free School District,
Three Village Central School District,
Dr. Kevin Scanlon, in his capacity as Superintendent of the Three
Village Central School District,

Defendants
----------------------------------------------------------------X

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516-353-0075
James@MermigisLaw.com

Chad J. LaVeglia, Esq.
 **LAW OFFICE OF CHAD J. LAVEGLIA, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York 11788.
(631) 450-2468
claveglia@cjllaw.org

"Without due process, truth and justice die in the darkness. The innocent and guilty alike perish at the whim of their accuser."

## PRELIMINARY STATEMENT

The Fourteenth Amendment's Procedural Due Process Clause is unambiguous. No state shall deprive "any person of life, liberty, or property, without due process of law." While Students were socializing and learning, the New York State Department of Health (DOH) was plotting to remove them from their schools. What began as a bona fide investigation into a former nurse practitioner turned into a campaign against her innocent, former patients. The DOH and named school districts (Districts) (collectively Defendants) are preventing Students with lawful proof of vaccination from attending school. Defendants are preventing Students of all ages from obtaining an education, from developing, from learning. Why? Because the DOH unilaterally determined that Students' valid records of immunization were falsified. It conducted a secret investigation behind closed doors. School Districts enforced the DOH's directives. Defendants stripped Students of their right to an education without so much as notice and an opportunity to be heard. The defendants conduct violates the core tenants of the Fourteenth Amendment. Accordingly, Plaintiffs respectfully requests this Honorable Court grant the following relief:

    i.    As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendants deprived Plaintiffs of their property right to a free public education without due process of law as required under the Fourteenth Amendment.

3

ii.  As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that the DOH's directive to the School Districts instructing the Districts to exclude students and reject their certificates of immunization to be unconstitutional

iii.  As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendant School Districts violated the NYS Education Law by barring Students from attendance in school upon full instruction without providing the process required under the Education Law.

iv.  As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that School Districts' letters and instruction excluding Students from school to be unconstitutional.

v.  Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining the Defendant DOH from unilaterally excluding Students unless and until it provides the process due under the Fourteenth Amendment.

vi.  Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining Defendant School Districts from enforcing the DOH's directives or otherwise excluding Students from school based on mere allegations that Students immunization records are falsified unless and until School Districts provide Students with the process due under the Fourteenth Amendment and NYS Education Law.

vii.  Such other and fuller relief as this Court deems just, proper and equitable.

4

## PARTIES

1. Plaintiff Brian Walker was at all relevant times herein the parent of M.W. who attended school in the Sachem Central School District until Defendants excluded M.W. without due process.

2. Plaintiff Kelly McKeon was at all relevant times herein the parent of A.C. who attended school in the Elwood Union Free School District until Defendants excluded A.C. without due process.

3. Plaintiff Amy Habel was at all relevant times herein the parent of G.H. who attended school in the Huntington Union Free School District until Defendants excluded G.H. without due process.

4. Plaintiff Sylvia Jablonski was at all relevant times herein the parent of R.J. who attended school in the Eastport-South Manor Central School District until Defendants excluded R.J. without due process.

5. Plaintiff Alicia Caputo was at all relevant times herein the parent of S.J. who attended school in the Northport-East Northport Union Free School District until Defendants excluded S.J. without due process.

6. Plaintiff Karen Tellier was at all relevant times herein the parent of S.T. who attended school in the Sayville Union Free School District until Defendants excluded S.T. without due process.

5

7.  Plaintiff Gina Larsen was at all relevant times herein the parent of A.L. who attended school in the Smithtown Central School District until Defendants excluded A.L. without due process.

8.  Plaintiff Anne Marie DeGregoria was at all relevant times herein the parent of L.D. who attended school in the Sayville Union Free School District until Defendants excluded L.D. without due process.

9.  Plaintiff Nancy Randazzo-Fuca was at all relevant times herein the parent of V.F. who attended school in the Sachem Central School District until Defendants excluded V.F. without due process.

10. Plaintiff Amanda Merckling was at all relevant times herein the parent of A.M. who attended school in the South Country Central School District until Defendants excluded A.M. without due process.

11. Plaintiff Ariana Stubbman was at all relevant times herein the parent of L.S. who attended school in the Islip Union Free School District until Defendants excluded L.S. without due process.

12. Plaintiff Steven Orlowski was at all relevant times herein the parent of C.O. who attended school in the Mattituck-Cutchogue Union Free School District until Defendants excluded C.O. without due process.

13. Plaintiff Alyson Halpin was at all relevant times herein the parent of A.H. who attended school in the Three Village Central School District until Defendants excluded A.H. without due process.

6

14. Plaintiff Noreen Pieper was at all relevant times herein the parent of K.A.P. who attended school in the Smithtown Central School District until Defendants excluded K.A.P. without due process.

15. Defendant New York State Department of Health (DOH) is an agency within the Executive Branch of the State of New York with its principal place of business located in Albany, New York. Defendant unilaterally erased Plaintiffs' childrens' vaccination records from the statewide database (NYSIIS), instructed Defendant School Districts to exclude Plaintiffs' children from school, determined that Plaintiffs could not submit certificates of immunization as valid proof, and determined all of Plaintiffs' children's immunization records to be fraudulent without providing due process of law.

16. At all relevant times herein, James McDonald was acting under color of law as the Commissioner of the New York State Department of Health and is responsible for overseeing and executing the determinations challenged.

17. At all relevant times herein Defendant Sachem Central School District was a school district located within Suffolk County, State of New York.

18. At all relevant times herein Patricia Trombetta as Superintendent of the Sachem Central School District was responsible for overseeing the entire staff and enforcing the DOH's directives.

19. At all relevant times herein Defendant Elwood Union Free School District is a school district located within Suffolk County, State of New York.

20. At all relevant times herein Gayle Steele, in her capacity as Superintendent of the Elwood Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

21. At all relevant times herein Defendant Huntington Union Free School District is a school district located within Suffolk County, State of New York.

22. At all relevant times herein Beth M. McCoy, in her capacity as Superintendent of the Huntington Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

23. At all relevant times herein Defendant Eastport-South Manor Central School District is a school district located within Suffolk County, State of New York.

24. At all relevant times herein Joseph A. Steimel, in his capacity as Superintendent of the Eastport-South Manor Central School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

25. At all relevant times herein Defendant Northport-East Northport Union Free School District is a school district located within Suffolk County, State of New York.

26. At all relevant times herein Dr. Dave Moyer, in his capacity as Superintendent of the Northport-East Northport Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

27. At all relevant times herein Defendant Sayville Union Free School District is a school district located within Suffolk County, State of New York.

8

28. At all relevant times herein Dr. Marc Ferris, in his capacity as Superintendent of the Sayville Union Free School District, was responsible for overseeing the entire staff and enforcing the DOH's directives.

29. At all relevant times herein Defendant Smithtown Central School District is a school district located within Suffolk County, State of New York.

30. At all relevant times herein Mark Secaur, in his capacity as Superintendent of the Smithtown Central School District, was responsible for overseeing staff and enforcing the DOH directives.

31. At all relevant times herein Defendant Islip Union Free School District is a school district located within Suffolk County, State of New York.

32. At all relevant times herein Dr. Kathleen O'Callaghan, in her capacity as acting Superintendent of the Islip Union Free School District, was responsible for overseeing staff and enforcing the DOH directives.

33. At all relevant times herein Defendant South Country Central School District is a school district located within Suffolk County, State of New York.

34. At all relevant times herein Antonio Santana, in his capacity as Superintendent of the South Country Central School District, was responsible for overseeing staff and enforcing the DOH directives.

35. At all relevant times herein Defendant Mattituck-Cutchogue Union Free School District is a school district located within Suffolk County, State of New York.

36. At all relevant times herein Shawn Petretti, in his capacity as Superintendent of the Mattituck-Cutchogue Union Free School District, was responsible for overseeing staff and enforcing the DOH directives.

37. At all relevant times herein Defendant Three Village Central School District is a school district located within Suffolk County, State of New York.

38. At all relevant times herein Dr. Kevin Scanlon, in his capacity as Superintendent of the Three Village Central School District, was responsible for overseeing staff and enforcing the DOH directives.

## JURISDICTION & VENUE

39. This Court has original jurisdiction pursuant to 28 U.S.C §1331 and §1343.

40. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

41. The United States District Court for the Eastern District of New York is the proper venue under 28 U.S.C. §1391(b)(2) since it is where a substantial part of the events giving rise to Plaintiffs' claims occurred.

## STATEMENT OF FACTS

42. Beginning in the fall of the 2024-2025 school year, the New York State Department of Health (DOH) began its school exclusion campaign.

43. The DOH determined, in secrecy, that minor Plaintiffs' (Children or Students) immunization records were falsified.

44. The DOH then erased Students' records from the statewide database (NYSIIS).

45. On September 9, 2024, the DOH issued a press release boasting about voiding "pediatric immunization records for approximately 135 children." [1]

46. The Children began the 2024-2025 school year in compliance with New York State's school vaccination requirements.

47. Suddenly, unsuspecting, innocent Children were no longer in compliance because the DOH wiped their proof of their immunizations from NYSIIS.

48. What Plaintiffs have in common is that they all used the same former nurse practitioner to administer their children's immunizations.

49. This former nurse practitioner was convicted of several crimes, including money laundering, for receiving payment from undercover detectives in exchange for falsified COVID-19 vaccination cards.

50. The conduct underlying the nurse practitioner's conviction is wholly unrelated to administering childhood vaccinations.

51. Nevertheless, the DOH targeted Children simply because they chose a provider who went rogue.

52. This former nurse practitioner has not been found guilty of any unlawful conduct relating to administration of childhood vaccines.

53. Indeed, the DOH began administrative proceedings against this former nurse practitioner to determine whether childhood vaccination were in fact falsified in NYSIIS. A hearing is scheduled for November 19, 2024. *Id.*

---

[1] https://www.health.ny.gov/press/releases/2024/2024-09-09_pediatric_vaccination_records.htm (last accessed October 22, 2024).

54. While the DOH is providing this former nurse practitioner due process to determine whether the records uploaded to NYSIIS were falsified, it provided Plaintiffs with none.

55. Instead of waiting for findings of fact through the administrative process, the DOH circumvented it by concluding Plaintiffs' records of immunization were falsified.

56. Pursuant to Public Health Law §2164 parents may establish proof of immunization by providing their school with a certificate of immunization.

57. Since the DOH erased Children's electronic immunization records, Plaintiffs were left with only certificates of immunization as proof.

58. The DOH however, took measures to ensure that the law would not apply to Plaintiffs.

59. It instructed Defendant School Districts to refuse certificates of immunization signed by this former nurser practitioner.

60. Defendant School Districts did more than blindly follow.

61. They adopted the DOH's conclusions and explicitly determined that Children were not vaccinated even though they had legally valid certificates of immunization.

62. Defendant School Districts informed Plaintiffs that Children would no longer be permitted to attend school unless they got revaccinated.

63. The sole purpose of requiring schoolchildren to receive vaccinations is to protect the health of other students.

12

64. Unvaccinated children pose a health threat to other students because they can spread diseases to other students, thereby endangering their health and safety.

65. The School Districts did not provide Children with any process whatsoever. Plaintiffs were not even provided notice and an opportunity to be heard.

66. The DOH did not provide Children with any process whatsoever. Plaintiffs were not even provided notice and an opportunity to be heard.

67. Children are fully excluded from school.

68. Children never got other students sick with the diseases enumerated in PHL §2164 nor have they been infected with those diseases.

69. Plaintiff Brian Walker received notice from Defendant Sachem Central School District by letter dated September 10, 2024, that M.W. will be excluded from school on September 18, 2024. *See* (Exhibit 1). M.W. was removed from school on September 18, 2024, without an opportunity to be heard and without process. The DOH sent Mr. Walker a letter dated September 9, 2024, informing him that his child's records were fraudulent (Exhibit 1.1). M.W. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Walker Aff.).

70. Plaintiff Kelly McKeon received notice from Defendant Elwood Union Free School District on September 9, 2024, that A.C. will be removed from school on September 18, 2024, (Exhibit 2). A.C. was removed from school by Defendants on September 18, 2024, without an opportunity to be heard and without process. A.C. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (McKeon Aff).

13

71. Plaintiff Amy Habel received notice from Defendant Huntington Union Free School District on September 11, 2024, that G.H. will be excluded from school on September 17, 2024, (Exhibit 3). G.H. has been excluded from school since September 17, 2024, without notice and an opportunity to be heard. G.H. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Habel Aff).

72. Plaintiff Sylvia Jablonski received notice from Defendant Eastport-South Manor Central School District on September 10, 2024, that R.J. will be excluded from school on September 17, 2024, (Exhibit 4). R.J. was excluded from school by Defendants on September 17, 2024, without an opportunity to be heard and without process. The DOH sent Ms. Jablonski a letter dated September 9, 2024, informing her that her child's records were fraudulent (Exhibit 4.1). R.J. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Jablonski Aff.).

73. Plaintiff Alicia Caputo received notice from Defendant Northport-East Northport Union Free School District on September 12, 2024, that S.J. will be removed from school on September 20, 2024, *see* (Exhibit 5). S.J. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Caputo a letter dated September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 5.1). S.J. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Caputo Aff).

14

74. Plaintiff Karin Tellier received a letter from Defendant Sayville Union Free School District dated October 3, 2024, that S.T. would be excluded from school as of October 18, 2024 (Exhibit 6). S.T. has been excluded since then without an opportunity to be heard and without process. The DOH sent Ms. Tellier notice on September 11, 2024, stating that the child's immunization records were fraudulent (Exhibit 6.1). S.T. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Tellier Aff).

75. Plaintiff Gina Larsen received notice from Defendant Smithtown Central School dated September 9, 2024, that A.L will be removed from school on September 20, 2024, (Exhibit 7). A.L. has been excluded from school since then without notice and an opportunity to be heard. A.L. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Larsen Aff). Defendant School District rejected Ms. Larsen's certificate of immunization. *Id.*

76. Plaintiff Ann Marie DeGregoria received notice from Defendant Sayville Union Free School District dated September 12, 2024, that L.D. would be excluded from school on September 26, 2024, (Exhibit 8). L.D. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. DeGregoria notice on September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 8.1). L.D. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (DeGregoria Aff).

77. Plaintiff Nancy Randazzo·Fuca received notice from Defendant Sachem Central School District dated September 16, 2024, that V.F. would be excluded from school

just two days later on September 18, 2024. (Exhibit 9). V.F. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Randazzo-Fuca notice on September 9, 2024, stating that the child's immunization records were fraudulent (Exhibit 9.1). V.F. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Randazzo-Fuca Aff).

78. Plaintiff Amanda Merckling received notice from Defendant South Country Central School District dated September 13, 2024, that A.M. would be excluded from school on September 17, 2024. (Exhibit 10). A.M. has been excluded from school since then without notice and an opportunity to be heard. The DOH sent Ms. Merckling notice on September 10, 2024, stating that the child's immunization records were fraudulent (Exhibit 10.1). Defendant School District rejected A.M.'s certificate of immunization. A.M. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Merckling Aff).

79. Plaintiff Ariana Stubbman received notice from Defendant Islip Union Free School District dated September 10, 2024, that L.S. will be excluded from school on September 23, 2024. (Exhibit 11). L.S. has not been in school since then without notice and an opportunity to be heard. Defendant DOH notified Ms. Stubbman in a letter dated September 9, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 11.1). Defendant School District rejected the child's certificate of immunization. *see* (Stubbman Aff). L.S will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Stubbman Aff).

16

80. Plaintiff Steven Orlowski received notice from Defendant Mattituck-Cutchogue Union Free School District on or about September 16, 2024, that C.O. will be excluded from school on September 16, 2024. (Exhibit 12). C.O. has not been in school since then without notice and an opportunity to be heard. Defendant School District rejected L.S.'s certificate of immunization. *see* (Orlowski Aff). Defendant DOH notified Mr. Orlowski in a letter dated September 16, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 12.1). C.O. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Orlowski Aff).

81. Plaintiff Alyson Halpin received notice from Defendant Three Village Central School District on September 10, 2024, that A.H. will be excluded from school on September 17, 2024, (Exhibit 13). A.H. has not been in school since then without notice and an opportunity to be heard. Defendant DOH notified Ms. Halpin in a letter dated September 9, 2024, stating that it determined the child's vaccination records were falsified (Exhibit 13.1). A.H. will be irreparably harmed if this Court does not grant a preliminary injunction *see* (Halpin Aff).

82. Plaintiff Noreen Pieper received notice from Defendant Smithtown Central School District dated September 30, 2024, that K.A.P. would be excluded from school on October 1, 2024. (Exhibit 14). K.A.P. has been excluded from school since then

17

without notice and an opportunity to be heard. Defendant School District rejected

K.A.P.'s certificate of immunization. *see* (Pieper Aff). K.A.P. will be irreparably

harmed if this Court does not grant a preliminary injunction *see* (Pieper Aff).

83. Defendants have deprived every Child of their fundamental property right to a

free public education.

84. No child received any due process.

## FIRST CAUSE OF ACTION
### -Violation of the Fourteenth Amendment's Due Process Clause-
Pursuant to 42 U.S.C. §1983
### Against all Defendants

85. Plaintiffs repeat and re-allege every allegation above as though set forth fully

herein.

86. The Fourteenth Amendment states that no State shall "deprive any person of

life, liberty, or property without due process of law."

87. NYS Education Law §3202(1) provides that every person older than five (5)

years old and less than twenty-one (21) years who has not received a high school

diploma are entitled to a free public education.

88. NYS Education Law §3205 requires that every person in the State between the

ages of six (6) and sixteen (16) attend school upon instruction. School attendance

is compulsory.

89. When a state makes school attendance compulsory and guarantees free public education to its citizens then education is a property right protected under the Fourteenth Amendment.

90. Commissioner James McDonald was acting under color of law as the final policy maker for the DOH and government official charged with implementing and executing the expulsion of Students.

91. All Superintendents acted under color of law as the chief executives of their respective school districts and persons responsible for executing the expulsion of Students.

92. All minor Plaintiffs are between the ages of six (6) and sixteen (17) years.

93. All Defendants deprived Plaintiffs of their property right to a free public education by excluding them from attending school.

94. All Defendants deprived Plaintiffs of their property right without any pre or post deprivation due process.

95. No Defendant provided a single Plaintiff with the bare minimum of notice and an opportunity to be heard.

## SECOND CAUSE OF ACTION
### -Violation of New York State Education Law-
### Against School District Defendants

96. Plaintiffs repeat and re-allege every allegation above as though set forth fully herein.

97. Pursuant to NYS Education Law §3214(c)(a) a pupil may be suspended from attendance upon instruction only if the pupil is "insubordinate or . . .whose conduct otherwise endangers the safety . . .health or welfare of others."

98. The word 'suspend" is defined as "to debar temporarily especially from a privilege, office or function."[2]

99. NYS Education Law §3214(c)(1) states that "[n]o pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil and to present witnesses and other evidence on his or her behalf."

100.    Children were in compliance with the Public Health Law's vaccination requirements for school.

101.    Defendant School Districts asserted that Children were not vaccinated.

---

[2] Merriam-Webster Online Dictionary https://www.merriam-webster.com/dictionary/suspend (last accessed October 22, 2024).

102. Defendant School Districts necessarily also determined that Children endangered the safety, health or welfare of other students by concluding they were not vaccinated.

103. Several Defendant School Districts refused to accept Plaintiffs' lawful certificates of immunization.

104. Consequently, Defendants prohibited Children from attending school.

105. Children have been excluded from school for a period of longer than five (5) days.

106. Defendant School Districts did not provide Children with any process.

107. Defendant School Districts did not provide Children with the process required under the Education Law.

108. In the alternative, School Districts violated the Education Law by excluding Children absent any of the enumerated grounds set forth in NYS Education Law §3214(c)(a).

## RELIEF REQUESTED

109. As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendants deprived Plaintiffs of their property right to a free public education without due process of law as required under the Fourteenth Amendment.

110. As to the First Cause of Action, declaration pursuant to 28 U.S.C. §2201 that the DOH's directive to the School Districts instructing the Districts to exclude students and reject their certificates of immunization to be unconstitutional

111.   As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that Defendant School Districts violated the NYS Education Law by barring Students from attendance in school upon full instruction without providing the process required under the Education Law.

112.   As to the Second Cause of Action, declaration pursuant to 28 U.S.C. §2201 that School Districts' letters and instruction excluding Students from school to be unconstitutional.

113.   Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining the Defendant DOH from unilaterally excluding Students unless and until it provides the process due under the Fourteenth Amendment.

114.   Preliminary Injunction pursuant to 28 U.S.C. § 1343(a) restraining Defendant School Districts from enforcing the DOH's directives or otherwise excluding Students from school based on mere allegations that Students immunization records are falsified unless and until School Districts provide Students with the process due under the Fourteenth Amendment and NYS Education Law.

115.   Such other and fuller relief as this Court deems just, proper and equitable.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request this Court grant the relief

requested based on the Affidavits, exhibits, Memorandum of Law, and other papers

submitted in connection with this action.


Dated:   Hauppauge, New York
         October 23, 2024

Chad J. LaVeglia, Esq.
**Law Office of Chad J. LaVeglia, PLLC.**
350 Motor Parkway, Suite 308
Hauppauge, New York 11788

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516-353-0075
James@MermigisLaw.com

23

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brian Walker, as Parent and Natural Guardian of M.W.,

**DEFENDANTS**

The New York State Department of Health

**(b)** County of Residence of First Listed Plaintiff   **Suffolk County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

LAW OFFICE OF CHAD J. LAVEGLIA, PLLC
350 Motor Parkway Suite # 308

Attorneys *(If Known)*

New York State Office of the Attorney General

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983

Brief description of cause:
Defendants deprived Plaintiffs of their fundamental right to a free public education without due process of law under the 14th Amendment and NYS Education Law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
0

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE
October 23, 2024

SIGNATURE OF ATTORNEY OF RECORD
*Chad J LaVeglia*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Chad J. LaVeglia , counsel for Plaintiffs , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Not applicable

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(d)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☑ Yes ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

Signature: *Chad J LaVeglia*

# RIDER

**DEFENDANTS**

1. The New York State Department of Health
   *New York State Department of Health*
   *Corning Tower*
   *Empire State Plaza,*
   *Albany, NY 12237*

2. Commissioner James McDonald
   Corning Tower
   Empire State Plaza,
   Albany, NY 12237

3. Sachem Central School District
   51 School Street Lake Ronkonkoma , New York 11779-2299

4. Patricia Trombetta, as Superintendent of the Sachem Central School District
   51 School Street Lake Ronkonkoma , New York 11779-2299

5. Elwood Union Free School District
   100 Kenneth Avenue, Greenlawn NY 11740

6. Gayle Steele, in her capacity as Superintendent of the Elwood Union Free
   School District
   100 Kenneth Avenue, Greenlawn NY 11740

7. Huntington Union Free School District
   50 Tower Street, Huntington Station NY 11746

8. Beth M. McCoy, in her capacity as Superintendent of the Huntington Union
   Free School District
   50 Tower Street, Huntington Station NY 11746

9. Eastport-South Manor Central School District
   149 Dayton Avenue, Manorville NY 11949

10. Joseph A. Steimel, in his capacity as Superintendent of the Eastport-South
    Manor Central School District
    149 Dayton Avenue, Manorville NY 11949

11. Northport-East Northport Union Free School District,
    W. J. Brosnan Building
    158 Laurel Avenue
    Northport, New York 11768

12. Dr. Dave Moyer, in his capacity as Superintendent of the Northport-East
    Northport Union Free School District,
    W. J. Brosnan Building
    158 Laurel Avenue
    Northport, New York 11768

13. Sayville Union Free School District
    99 Greeley Ave
    Sayville, NY 11782

14. Dr. Marc Ferris, in his capacity as Superintendent of the Sayville Union Free
    School District,
    99 Greeley Ave
    Sayville, NY 11782

15. Smithtown Central School District
    26 New York Avenue
    Smithtown, NY 11787

16. Mark Secaur, in his capacity as Superintendent of the Smithtown Central
    School District
    26 New York Avenue
    Smithtown, NY 11787

17. Islip Union Free School District
    215 Main Street
    Islip, NY 11751

18. Dr. Kathleen O'Callaghan, in her capacity as acting Superintendent of the
    Islip Union Free School District
    215 Main Street
    Islip, NY 11751

19. South Country Central School District
    *189 Dunton Avenue, East Patchogue, NY 11772*

20. Antonio Santana, in his capacity as Superintendent of the South Country
    Central School District
    *189 Dunton Avenue, East Patchogue, NY 11772*

21. Mattituck-Cutchogue Union Free School District
    385 Depot Lane, Cutchogue, NY 11935

22. Shawn Petretti, in his capacity as Superintendent of the Mattituck-
    Cutchogue Union Free School District
    385 Depot Lane, Cutchogue, NY 11935

23. Three Village Central School District
    100 Suffolk Avenue
    Stony Brook, NY 11790

24. Dr. Kevin Scanlon, in his capacity as Superintendent of the Three Village
    Central School District,
    100 Suffolk Avenue
    Stony Brook, NY 11790

UNITED STATES DISTRICT COURT FOR ----------X
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------STATE OF NEW YORK
----------X TRACY KOLAR, as Parent and    COUNTY OF SUFFOLK
Natural Guardian of K.M. et al.,


Plaintiffs,

-against                                    Case No.: 24-cv-6836 (NJC) (LGD)

                                            AFFIDAVIT IN SUPPORT OF MOTION
NEW YORK STATE DEPARTMENT OF                FOR
HEALTH et al.,                              PRELIMINARY
                                            INJUNCTION
Defendants

------------------------------------------------------------

I, Brian Walker, being duly sworn, deposes and says:

  1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they

     pertain solely to my child.

  2. The averments contained in this Affidavit are made upon personal knowledge,

     unless stated otherwise. And as to those facts, they are made upon

     information and belief.

  3. My child, Markus Walker, was a student in 11th grade at

     Sachem High School East, which is part of the Sachem school district.

4. I have/have not received a letter from the New York State Department of Health on or about September 12, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 10, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 10, 2024, that my child will no longer be able to attend school as of September 18, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

Markus is an exemplary student, honor roll, talented athlete, a leader amongst his peers (as told by his teachers according to remarks on report cards and emails/phone calls from teachers and staff). This exclusion has changed his daily peer interaction causing depression and confusion. His honor roll status and excellent attendance record has already been impacted negatively. The importance of his junior year, as far as completing regents diploma requirements, guidance counselor support for college education and SAT Prep is now not available. Markus is no longer eligible to continue attending BOCES High School HVAC Program. He has been removed from his position as Starting Point Guard on the Varsity Basketball Team and the potential of any scouting opportunities and scholarships. Also, having to miss all Junior and Senior year events, such as prom. Not getting his art work displayed in school art exhibits as it has consistently for the past 7 years. Markus' mental health has been affected immensely by the abrupt displacement, after being a student within the Sachem Public School system all of his childhood education years until now, 11th grade.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x ~~~~~~~~~~~~~~
Sign Name

BRIAN WALKER
Print Name

Sworn to before me this 16
day of _October_ , 2024

Notary Public

WILSON SALAZAR
Notary Public - State of New York
No. 01SA6224708
Qualified in Suffolk County
My Commission Exp. July/12/ 1926

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                          Plaintiffs,

          -against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

                Defendants

--------------------------------------------------------------------X

Case No.: 24-cv-6836 (NJC)
(LGD)

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

STATE OF NEW YORK
COUNTY OF Suffolk

I, Kelly McKeon , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child A.C , was a student in 5th , grade at Boyd Intermediate School , which is part of the Elwood school district.

4. I have/have not received a letter from the New York State Department of Health on or about September 09 , 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from
NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's
school district signed by a medical practitioner who was licensed in the State
of New York and authorized to administer vaccinations at the time the
certificate was signed. But the school district rejected my child's certificate of
immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about _September_ _O9_, 2024, that—
to remain in school—my child would need to be revaccinated against certain
diseases and either submit serological samples of antibodies (titers) or get
revaccinated for others.

8. My child has never endangered the health of other students, has never been
infected with diseases such as mumps, measles, rubella, or polio for example
by other students, and has not infected other students with any of the
diseases he or she has been vaccinated against.

9. The school district informed me on or about _Septemb_ _O9_, 2024, that my
child will no longer be able to attend school as of _September_ _18_, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

They have been cut off from their friends and have already endured missing out on social events. My child will no longer be able to participate in band/chorus or make the lead in the school play. Things that have brought them great joy, a sense of belonging and accomplishment. Reading and Math AIS has ceased and the struggle to keep on a trajectory to success is diminishing as the days progress. My child has been the victim of rumors around school as to why they are no longer attending. Explaining this has been difficult to say the least and continues to be a challenge. The repercussions of being kicked out of school for no fault of their own will have traumatic effects that will take time to reveal themselves. The " why me?"  " How is this fair?"  " Who gets to decide this" are hard questions to answer when I myself struggle with understanding how this is being allowed to occur.  My child will be excluded from finishing their year at Boyd Intermediate School, graduating/moving up and on to the middle school with their peers. The sadness that has overcome my 10 year old is hard to put into words. Everyday is becoming more of a struggle as we seek to find a place for her to learn and thrive and build new friendships.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

X _____
Sign Name

Kelly McKeon
_____
Print Name

Sworn to before me this
day of ___October 15___, 2024

_____
Notary Public

M. MARIE KRAFT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KR6400218
Qualified in Suffolk County
My Commission Expires 11-12-2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                              Plaintiffs,

                 ·against·

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

                Defendants

------------------------------------------------------------------X

Case No.: 24-cv-6836 (NJC) (LGD)

**AFFIDAVIT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

STATE OF NEW YORK
COUNTY OF__Suffolk_____

    I, __Amy Habel_____, being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child __Habel__ George __, was a student in __4th__, grade at __Woodhull Intermediate School_____, which is part of the __Huntington_____ school district.

4. I have/have not received a letter from the New York State Department of Health on or about __August_____ __5th_____, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about _September__ __11__, 2024, that—to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about _Sept.____, __11___, 2024, that my child will no longer be able to attend school as of _September__ _17_____, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

He just turned 9 years old and is too young to understand what is going on and now in fear or Dr's and school. The principal insisted he go to her office even after I told her I didn't want him there. It was myself, the nurse, the principal and my son George. We were told on September 11th that if we didn't get an extensive number of vaccinations over a short period of time that he will be excluded by September 17th which is what happened. The nurse agreed in front of him its a lot in a short period of time and this accelerated schedule poses a risk to an already sick child. I was there to pick him up to bring him to the Dr. as he wasn't feeling well, & I already had a scheduled meeting the next day without* my son present. The principal was telling us all children need to be vaccinated or we cannot attend. I let my son know in front of them that we didn't do anything wrong and I'm proud of him for being so strong. He had his head down, very sad and the principal gave him a stuffed animal. I started to cry and she said that I need to let her know when the next Dr appt is and what our future Dr. appt. dates are. My son is diagnosed with generalized anxiety and in previous years had a 504 plan in place. In this new school it was never transferred or removed. I brought this up in previous days to the principal and she and her psychologist looked into it and confirmed he did have one then told me they need to get to know him and we will have as meeting to decide if he is "eligible". I emailed the teacher, talked to the social worker, and principal prior to all this asking for support because my son was refusing twice to go to school. I had to demand a meeting to get my son on a 504 plan and she finally set up a meeting after the fact that he was excluded. After the fact that he was forced to attend a meeting that was highly innapropriate for him or any other child. All this stress on him regarding school and Dr. appointments have been very traumatic on him causing him more anxiety as well as nightmares. He misses his friends and was just getting adjusted. If he isn't able to go back to school soon, I'm afraid it will impact his mental health further as well as his well being in general & future academics.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x Amy Habel    *Amy Habel*
Sign Name

x Amy Habel
Print Name

Sworn to before me this
day of October 16th                , 2024

Notary Public

Colleen Giordano
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Suffolk County
01GI6448391
MY COMMISSION EXPIRES 01/23/2027

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                        Case No.: 24-cv-6836 (NJC)
                        (LGD)

              Plaintiffs,

                        **AFFIDAVIT IN SUPPORT**
                        **OF MOTION FOR**
    ·against·                **PRELIMINARY**
                        **INJUNCTION**

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

              Defendants

-----------------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF SUFFOLK

I, Sylwia Jablonski _____, being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as
   they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal
   knowledge, unless stated otherwise. And as to those facts, they are made
   upon information and belief.

3. My child R.J _____, was a student in 5th _____ grade at
   Eastport Elementary _____, which is part of the
   Eastport South Manor _____ school district.

4. I have/have not received a letter from the New York State Department of
   Health on or about __09__ __09__, 2024, stating that it determined my
   child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 10, 2024, that—to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 10, 2024, that my child will no longer be able to attend school as of September 17, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

Learning is social. Being excluded from public school
has drastically affected my daughter's mental health. My husband and I are forced to work
and unfortunately do not have the opportunity to quit and provide the social opportunities
that come with homeschooling. Therefore, instead of being with her friends and connecting
with others daily in school , my daughter with be getting her education online in front of a
computer screen. This comes with a financial expense when I am already pay ---$$$$ for
school taxes.I believe that not having an opportunity to receive a proper education can
cause irreparable harm to a young child because they will have limited knowledge and
skills on how to function in the society. Also, i think it is very important to take advantage of
extracurricular activities like sports and clubs in school to learn social skills and make
friends. Not having the right relationships and friends in life can really make everyday
difficult because you have no one to rely on for help or no one to have fun with.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _Sylwia Jablonski_
Sign Name

SYLWIA JABLONSKI

Print Name

Sworn to before me this
day of _16th_ of _November_ 2024

Notary Public

AGNIESZKA RENES SOPOLINSKI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RE6334035
Qualified in Suffolk County
Commission Expires 12-07-2027

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                Plaintiffs,

        -against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

             Defendants

------------------------------------------------------------X

Case No.: 24-cv-6836 (NJC)
(LGD)

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

STATE OF NEW YORK
COUNTY OF Suffolk

I, Alicia Caputo _____, being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child SJ _____, was a student in 5th ___, grade at East Northport Middle School ___, which is part of the Northport-East Northport UFSD ___ school district.

4. I (have) have not received a letter from the New York State Department of Health on or about September 9 ___, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I (have) have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 12, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 12, 2024, that my child will no longer be able to attend school as of September 20, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

The ongoing exclusion of Skyler from school has inflicted severe and lasting harm on her emotional, social, and academic well-being. Skyler faces further irreparable damage to her development and future without immediate intervention.

Skyler is an intelligent, eager student who thrives in a structured educational environment. She was already flourishing during her brief 11 days at East Northport Middle School. She was deeply engaged with her teachers, embraced her schedule, and quickly formed connections with her classmates. Skyler's excitement to attend school daily reflected her love for learning, as she felt invigorated by the opportunities at school. She played the violin in the school orchestra, participated in tennis intramurals, tried out for the school musical, and had plans to join the art, garden, and yoga clubs and participate in NYSSMA.

However, the sudden exclusion from school has caused Skyler immense emotional pain. She yearns to return to the place where she feels enriched, her second family, but she knows she cannot, and the weight of that reality has caused her unbearable distress—the worst pain she has ever experienced. Skyler is now being homeschooled against her will, and without the presence of her beloved teachers and friends and the enriching activities that school provides, she spends her days in isolation. Each day brings tears, and we are now seeking therapy to help her cope with the trauma this exclusion has caused. She feels rejected by the school she once loved and struggles to understand why this happened to her.

Thus far, Skyler has missed 14 days of school and counting, which has felt like an eternity to her. The emotional toll this exclusion has taken is overwhelming, and she is showing signs of depression. Her once-bright spirit has dimmed, and the absence of daily interactions with her peers has left her feeling lonely, anxious, and disconnected from the community vital to her development.

School is far more than an academic experience for Skyler; it is central to her sense of purpose and well-being. The relationships she cultivated with her teachers and classmates gave her the support, encouragement, and sense of belonging she needed to grow intellectually and emotionally. The stability of her school routine is critical to her mental health, and the loss of this structure has only deepened her feelings of despair.

This exclusion has severely impacted Skyler's self-esteem. As a student who once took pride in her achievements, she now feels disconnected from her goals and potential. Each day she remains out of school only intensifies these feelings, making it harder for her to regain her confidence and passion for learning. The longer this situation continues, the greater the risk that Skyler will face long-term emotional and academic setbacks.

I firmly believe that without immediate action to reinstate Skyler in her middle school environment, her well-being will continue to deteriorate. She urgently needs the education, emotional support, and peer interactions that her school provides. I respectfully request that the court consider the significant, lasting harm caused by this exclusion and grant the relief necessary to allow Skyler to return to school, where she can once again thrive.

Thank you for your time and consideration of this urgent matter.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _Alicia Caputo_
Sign Name

Alicia Caputo
Print Name

Sworn to before me this
day of __16th October__, 2024

Notary Public

RAKH K DAYAL
Notary Public - State of New York
NO. 01DA0019636
Qualified in Suffolk County
My Commission Expires Jan 9, 2028

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                      Case No.: 24-cv-6836 (NJC)
                      (LGD)

            Plaintiffs,

            ·against·

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

            Defendants

----------------------------------------------------------------X

                   **AFFIDAVIT IN SUPPORT**
                   **OF MOTION FOR**
                   **PRELIMINARY**
                   **INJUNCTION**

STATE OF NEW YORK
COUNTY OF SUFFOLK

   I, Karin Tellier      , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child ST    , was a student in 5     grade at Sunrise Drive Elementary    , which is part of the Sayville Union Free     school district.

4. I (have) ~~have not~~ received a letter from the New York State Department of Health on or about September 11  , 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about _September 13_, 2024, that—to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about _October 3_, 2024, that my child will no longer be able to attend school as of _October 18_, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

She is being excluded from school, from her friends and from her teachers that she loves without any provided "evidence" for us to review and comment/dispute. My daughter (who received immunizations from a licensed medical provider in good standing at the time) is mentally trying to understand why she is not allowed in school anymore. She asks questions throughout the day through tears and confusion. She is a beacon of light in that school and in that classroom and is not public health concern. For a ten-year-olds life to be turned upside down without an explanation or a chance to disprove their claims is detrimental to her growth, to her mindset and to her mental well being. What happened to No Child Left Behind!

WHEREFORE I respectfully request that this motion be granted, that the Court issue a preliminary injunction, and grant such other a further relief as this Court may find to be just and proper.

x _____
Sign Name

Karin Tellier
Print Name

Sworn to before me this 16th
day of October , 2024

_____
Notary Public

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

Case No.: 24-cv-6836 (NJC)
(LGD)

Plaintiffs,

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

-against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

Defendants

------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF_____

I, Ann Marie DeGregoria , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as

   they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal

   knowledge, unless stated otherwise. And as to those facts, they are made

   upon information and belief.

3. My child ___LD___, was a student in ___8th___ grade at

   Sayville Middle School_____, which is part of the

   Sayville_____ school district.

4. I have/have not received a letter from the New York State Department of

   Health on or about Septmeber ___10___, 2024, stating that it determined my

   child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about ___September 12___, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about ___Septmeber 12___, 2024, that my child will no longer be able to attend school as of ___Septmeber 26___, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

With a 97.6 average, he now loses his National Honors Society status. Forced to leave his beloved school soccer team halfway through the season's games. Loses his position on the Soccer team, including missed goals, successes, failures, celebrations & comradery. He is unable to be on the wrestling & lacrosse teams. He was the lead drummer in the General Band, Jazz Band and & Wind Ensemble. He was taking Regents Biology & Algebra 1 classes 1 year early, (98 & 96 grades respectively), near impossible now to catch up. Loses ability to join class trip, yearbook & celebrations. Loses his seat at the lunch table, his sense of belonging, his sense of order, discipline & daily routine that keeps him going, thereby running the risk of a deep sadness. Afraid his friends will forget about him; ostracized from the group. He's unsure of what to say to his friends & family, causing him worry, anxiety, loss of sleep; impeding upon his health & wellbeing. Exposes his medical privacy to his teachers, students, community & media. Confuses his sense of justice, law & process. Contradicts his understanding of what he actually read in the US Constitution & Bill of Rights. The harm, disruption & trauma to my 13-year-old boy, who has been ripped out of his life & denied an education, just when he is coming into his own sense of self, alongside his friends, is enormous – a boy where smiling is his neutral; happy is his disposition. This has caused an untold amount of pain, without due process or justification. Children are precious God-given gifts; they are not to be left behind.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _Ann Marie DeGregoria_
Sign Name

_Ann Marie DeGregoria_
Print Name

Sworn to before me this 16
day of _October_ 2024

_Steven Acosta_
Notary Public

Steven Acosta
Notary Public, State of New York
No. 01AC0026244, Suffolk County
Commission Expires, June 27, 2028

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                   Plaintiffs,

            -against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

                 Defendants

-----------------------------------------------------------------X

Case No.: 24-cv-6836 (NJC)
(LGD)

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

STATE OF NEW YORK
COUNTY OF Suffolk

    I, Nancy Randazzo-Fuca, being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child VF, was a student in 4th, grade at Cayuga Elementary, which is part of the Sachem school district.

4. I have/have not received a letter from the New York State Department of Health on or about September 14, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I/have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September /6, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September /6, 2024, that my child will no longer be able to attend school as of September 18, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

My son Vinny was abruptly excluded from school with just one day's notice. We received a call from his principal on the afternoon of 9/16/24 stating that he was going to be excluded as of 9/18/24. We had one day to explain to my 9 year old that he wasn't allowed to attend school anymore.

When Vinny was told he could no longer attend school, he started suffering from severe anxiety, depression and has withdrawn from normal activities. My son who was once independent, has to constantly check to make sure I'm in the next room for reassurance. Things that once brought him joy have no effect on him. He just sits around feeling lonely. His sleep routine has been heavily affected. He has an extremely hard time falling asleep and spends his last few waking moments talking about how he just wants to be back in school.

Prior to being excluded from school, my son was excited to wake up. He has a passion for learning and thrives in a school setting where he learns with his friends. My son is very bright and excels in a classroom setting where he learns and can be social. He has been stripped of his right to an education in a safe school setting. He doesn't understand why he isn't allowed to go to school. Schools have focused on SEL (Social and Emotional Learning) in which my son had been in a supportive classroom environment where he was part of a community, felt emotionally safe, motivated to learn and challenged to do hard work. He is currently being homeschooled but is missing the school community immensely. The social isolation has made him extremely sad. He has tutors for all of his core subjects but it's just not the same.

My son is having a difficult time not seeing his father during a time when he needs him the most. My husband has to work overtime every single day to provide for the extra expenses of extended childcare and costs of tutors. We are doing our best to be a good support system for our son.

Vinny's last school year was a tough one due to being bullied by a student in his class. He started this school year with a fresh outlook and decided this was going to be a great year. He had 4 of his best friends in class this year and he is beyond upset that he doesn't get to go to school with them. We've done our best to let their parents know that he is homeschooling but kids have questions. They constantly ask him why he's not in school adding to his daily distress.

He has been going to this school since Kindergarten and felt completely at ease there. He was so excited to go back to school after the summer break that he cried tears of joy. Now he just cries tears of sadness. He feels forgotten and left out.

I'm afraid that my child will never be the same again. Being excluded from school has caused immense harm both physically and mentally.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _Nancy Randazzo-Fuca_
Sign Name

_Nancy Randazzo-Fuca_
Print Name

Sworn to before me this 15th
day of ___October___, 2024

_Stephanie J. Miazga_
Notary Public

STEPHANIE J. MIAZGA
Notary Public, State of New York
No. 01MI4867083 Reg. In Suffolk County
My Commission Expires April 26, 40.2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

Case No.: 24-cv-6836 (NJC)
(LGD)

Plaintiffs,

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

-against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

Defendants

-----------------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF Suffolk

I, Ariana Stubbmann , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as
they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal
knowledge, unless stated otherwise. And as to those facts, they are made
upon information and belief.

3. My child L.S. , was a student in 5th , grade at
Sherwood Elementary , which is part of the
Islip school district.

4. I have/have not received a letter from the New York State Department of
Health on or about September 9 , 2024, stating that it determined my
child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5.  I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6.  My child is up to date on his or her vaccinations.

7.  The school district informed me on or about September 10th, 2024, that—to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8.  My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9.  The school district informed me on or about September, 23, 2024, that my child will no longer be able to attend school as of September 23, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

If this Court does not grant us injunctive relief, my child will be irreparably harmed emotionally, socially, academically and physically.

L.S. is missing an important milestone last year in elementary school with his 5th grade friends. He has reported that he has felt "confused, sad, scared, worried about missing work." Every day since being excluded, he asks "When will I get to go back? I miss my friends. I miss my teachers. I miss my school." He was looking forward to participating in the school orchestra and chorus this year and is anxious that when he returns, he will be left behind. Landon used to wake up excited to attend sports club in the morning and once again, feels left out daily. Being excluded from these extracurricular activities is negatively affecting his self esteem as well as his trust in his community. The stigma that has been placed upon him though the community appears to isolate him further with each passing day he is excluded. The media exposure is further posing harm by falsly portraying the situation; again, further isolating him from the community.

Additionally, we are noticing physical damages including more frequent night waking, significantly decreasing the amount of required sleep he is getting on a regular basis. L.S. has also experienced rashes and hives during this time as a result of the stress he is experiencing.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _Ariana Stubbmann_
Sign Name

_Ariana Stubbmann_
Print Name

Sworn to before me this 16
day of _October_, 2024

_Brittany Titus_
Notary Public

BRITTANY A TITUS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TI6408345
Qualified in Suffolk County
Commission Expires August 24, 2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                    Plaintiffs,

         ·against·

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

                  Defendants

------------------------------------------------X

Case No.: 24-cv-6836 (NJC)
(LGD)

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

STATE OF NEW YORK
COUNTY OF_____

    I, Amanda Merckling being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child AHM, was a student in 6th, grade at Bellport Middle School, which is part of the South Country Central school district.

4. I have received a letter from the New York State Department of Health on or about September 10th, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 13th, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 13th, 2024, that my child will no longer be able to attend school as of September 17th, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

She was allowed to start the school year, but as of 9/17/2024, she was abruptly denied the ability to return. This sudden exclusion has devastated her educational progress, leaving her without direction or a sense of purpose in her academic journey. Her structured world collapsed with the removal from school, causing immense emotional and social distress. This 11-year-old girl now faces daily struggles with her siblings, family life, and recreational activities due to overwhelming anxiety. Out of her three other siblings, one other was excluded for the same reason, while two remain unaffected despite submitting similar paperwork, deepening her feelings of confusion, anger, and injustice. She questions why she was singled out, and this has led to severe emotional self-blame, affecting her mental outlook and deteriorating her social interactions. The sense of belonging and balance she once had in school has been replaced with social isolation, shame, and alienation from a community that was once her anchor. These losses have caused irreparable harm, leaving her crying most days with constant anxiety that disrupts her sleep with nightmares of being disconnected from her teachers, friends, and any sense of normalcy in the future. The removal from public school will continue to erode her confidence, emotional well-being, and social development, leaving lasting scars that will affect her for the rest of her life.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

X _____
Sign Name

Amanda Merekling
Print Name

Sworn to before me this 16th
day of September October , 2024

_____
Notary Public

Jennifer Lyn Obrien
Notary Public, State of New York
Registration No. 01OB6061933
Qualified in Suffolk County
Commission Expires 01/13/20

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                                         Plaintiffs,

                       -against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

                             Defendants

--------------------------------------------------------------------X

Case No.: 24-cv-6836 (NJC)
(LGD)

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION**

STATE OF NEW YORK
COUNTY OF Suffolk

    I, Steven Orlowski    , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child  C.O.  , was a student in 10th, grade at Matituck Jr. Sr. High School  , which is part of the Mattituck-Cutchogue UFSD school district.

4. I have/have not received a letter from the New York State Department of Health on or about September 16, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/~~have not~~ submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 16 , 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 16 , 2024, that my child will no longer be able to attend school as of September 16 , 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

The following outlines the irreparable harm resulting from the exclusion of Cayleigh from school, causing significant emotional, psychological, social, and financial impacts.
1. Social Isolation and Emotional Distress:
The exclusion has isolated Cayleigh from her peers and disrupted her social development. Being publicly removed from her class during a pep rally in front of parents, peers, and community members has subjected her to humiliation and distress. She now faces constant questions from concerned community members, exacerbating her emotional discomfort.
2. Disruption of Routine and Well-being:
The exclusion has significantly altered Cayleigh's daily routine. Previously accustomed to waking up at 6 a.m. and going to bed by 9 p.m., she now struggles with a reversed schedule, staying up late and sleeping in. This change has affected her overall well-being and caused sleep-related disturbances, adding further stress.
3. Loss of Extracurricular Opportunities:
As a result of the exclusion, Cayleigh has been removed from the school's tennis team, depriving her of not only a structured activity but also a key outlet for physical fitness, teamwork, and personal growth.
4. Public Humiliation and Reputation Damage:
The public nature of her removal during the pep rally has led to embarrassment and damaged her reputation within the school and broader community, affecting her confidence and self-esteem.
5. Financial and Personal Burdens on the Family:
The exclusion has imposed a significant financial strain on our family. We have been forced to take time off work to care for Cayleigh and engage her in additional activities to keep her occupied and maintain her emotional well-being. These unexpected disruptions have created financial hardship and ongoing stress for the family.
The combination of social, emotional, and financial impacts demonstrates the profound and lasting harm caused by Cayleigh's exclusion from school.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

X _____
Sign Name

Steven Orlowski
_____
Print Name

Sworn to before me this 16th
day of October , 2024

_____
Notary Public

Christa N. Spica
Notary Public, State of New York
Reg. No. 01SP6446019
Qualified in Suffolk County
Commission Expires January 9, 2027

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------X
----------------------------X

Alyson Halpin, as Parent and Natural
Guardian of A.H. et al.,

             Plaintiffs,

        -against-

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

           Defendants

STATE OF NEW YORK
COUNTY OF____ Suffolk
Case No.: 24-cv-6836
(NJC) (LGD)

AFFIDAVIT IN SUPPORT
OF MOTION FOR
PRELIMINARY
INJUNCTION

I, Alyson Halpin_, being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal knowledge, unless stated otherwise. And as to those facts, they are made upon information and belief.

3. My child _AH___, was a student in 9th__, grade at Robert Cushman Murphy Jr High School_, which is part of the
ThreeVillage school district.

4. I have received a letter from the New York State Department of Health on or about Sept 12th_, 2024, stating that it determined my child's electronic vaccination records were fraudulently entered into the New York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have/have not submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about Sept 9th_, 2024, that— to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about Sept 9th__, 2024, that my child will no longer be able to attend school as of Sept 17th__, 2024.

10.    If this Court does not grant us injunctive relief, my child will be irreparably harmed because: when a student is excluded from school, for reasons beyond their control the impact can be deeply damaging and long lasting. Education is not just about academic growth, it also provides structure social connection connection and

a sense of belonging. Being removed from that environment, disrupts their learning trajectory, hinders social development, and can create feelings of isolation, shame and alienation. This can lead to lasting harm, that affects their confidence, future prospects and overall well-being. Ariella has been excluded from school, therefore disrupting her normal way of life. She has been isolated from her friends that she's had since she's been five years old. She's left to wonder and has become anxious about what they may think of her now. Adolescence in itself is a hard time in a young person's life. The sudden exclusion from school without proper notice has definitely been detrimental to my daughters, mental health and well-being.

11. WHEREFORE I respectfully request that this motion be granted, that the Court issue a preliminary injunction, and grant such other a further relief as this Court may find to be just and proper.

X _____
Sign Name

<u>Alyson Halpin</u>
Print Name

Sworn to before me this day
of _16 October_ ,
~~2024~~

_____
Notary Public

DREW D. CASS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6298761
Qualified in Suffolk County
Commission Expires 17 March 2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRACY KOLAR, as Parent and Natural
Guardian of K.M. et al.,

                                Case No.: 24-cv-6836 (NJC)
                                (LGD)

           Plaintiffs,               **AFFIDAVIT IN SUPPORT**
                                        **OF MOTION FOR**
     -against-               **PRELIMINARY**
                                        **INJUNCTION**

NEW YORK STATE DEPARTMENT OF
HEALTH et al.,

           Defendants

-----------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF Suffolk

    I, Noreen Pieper     , being duly sworn, deposes and says:

1. I am a Plaintiff in this action and as such, am fully familiar with the facts as
   they pertain solely to my child.

2. The averments contained in this Affidavit are made upon personal
   knowledge, unless stated otherwise. And as to those facts, they are made
   upon information and belief.

3. My child _KAP_, was a student in _6_, grade at
   Accompsett Middle School , which is part of the
   Smithtown school district.

4. I have not received a letter from the New York State Department of Health
   stating that it determined my child's electronic vaccination records were
   fraudulently entered into the New

York State Immunization Information System (NYSIIS) and erased from NYSIIS.

5. I have submitted paper certificate of immunization to my child's school district signed by a medical practitioner who was licensed in the State of New York and authorized to administer vaccinations at the time the certificate was signed. But the school district rejected my child's certificate of immunization.

6. My child is up to date on his or her vaccinations.

7. The school district informed me on or about September 18, 2024, that—to remain in school—my child would need to be revaccinated against certain diseases and either submit serological samples of antibodies (titers) or get revaccinated for others.

8. My child has never endangered the health of other students, has never been infected with diseases such as mumps, measles, rubella, or polio for example by other students, and has not infected other students with any of the diseases he or she has been vaccinated against.

9. The school district informed me on or about September 30, 2024, that my child will no longer be able to attend school as of October 1, 2024.

10. If this Court does not grant us injunctive relief, my child will be irreparably

harmed because:

K.A.P. is currently a A+(4.40GPA) student at Accompsett Middle School and she will be irreparably harmed due to missing class time and social interactions with her friends. This decision by the Smithtown Central School District has resulted in us having to Homeschool our Daughter K.A.P., which is a considerable financial burden for our family. Both my husband (Matthew Pieper, father of K.A.P) and I have full time jobs and will now have to take leave time in order to guarantee that our daughter gets the education she deserves. In addition, K.A.P. having previously missed considerable school time due to health issues related to her Asthma has had issues adjusting to the many changes that comes with first year in middle school. School is not only a facilitator for learning. Her school experience thus far has developed a true sense of both independence and collaboration with peers which can not be replicated in a homeschooling setting. The middle school years are critical time period for self expression and identity which are much better learned in a school with a teachers various viewpoints. K.A.P. has limited social interaction with her friends since the abrupt departure from school and feels left out of the fast paced school day. She can not attend school clubs which add an enrichment factor and possible career paths. She will miss out on the school dances, field trips, concerts and the drama club production which all embrace self expression and help to prepare her for the future.

WHEREFORE I respectfully request that this motion be granted, that the Court

issue a preliminary injunction, and grant such other a further relief as this Court

may find to be just and proper.

x _____
Sign Name

Noreen Pieper
_____
Print Name

Sworn to before me this
day of __October 15th__, 2024

_____
Notary Public

NANCY MILLER
Notary Public, State of New York
No. 01MI6181216
Qualified in Nassau County
Commission Expires January 26, 20__



# Sachem Central School District

## Sachem High School East

**Lou Antonetti,**
*Principal*

**John Cariddi**
**Brian Kolar**
**Marc Mastropolo**
*Assistant Principals*

**Patti Trombetta,**
*Superintendent of Schools*

September 10, 2024

Ms. Marietta Villalta

Dear Ms. Villalta:

Your child, Markus Walker, will be excluded from school beginning September 18, 2024, until such a time that they are in compliance with the immunization requirements of New York State. The New York State Department of Health notified the Sachem School District that your child does not meet the immunization requirements because they are a former patient of Julie DeVuono of Wild Child Pediatrics. Some or all of their vaccination records from Wild Child Pediatrics have been invalidated and removed from the New York State Immunization Information System. If you can produce new/updated proof of vaccination records prior to the exclusion date, your child will remain in school. Understand that if proof of vaccinations is not presented, Sachem must contact the Suffolk County DOH of the exclusion.

In order for your child to remain in school, the following must be provided:

➤ Proof of immunizations given by a medical professional and verified in the New York State Immunization System.

➤ Blood drawn vaccination titer proof for MMR, Varicella and Hepatitis B.

➤ Dtap, Polio, Tdap, and Meningococcal will need a new proof of immunization from a medical professional.

➤ Immunization catch-up schedule and proof of appointments of needed immunizations.

If there are any questions regarding the immunization requirements, please call your child's school nurse.

Very Truly Yours,

*[signature]*

Principal

177 Granny Road
Farmingville, NY
11738
631.716.8200



#WeAreSachem



**NEW YORK STATE OF OPPORTUNITY.**

# Department of Health

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of MARKUS WALKER

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

James H. Boyd Intermediate School
*Office of the Principal*
286 Cuba Hill Road
Huntington, NY 11743
Phone: 631-266-5430
Fax: 631-266-6265



Board of Education
James Tomeo, President
Deborah Weiss, Vice President
Walter Edwards, Member
Thomas Scarola, Member
Sara Siddiqui MD, Member

---

**Elissa Millan, Principal**

**Gayle Steele, Ed.D.
Superintendent of Schools**

Date: 9/9/24

Dear Parent/Guardian of Adeline Calobrisi DOB 03/20/2019

Your child's school immunization record is incomplete for the following required vaccines required by NY State Law to attend school: **Dtap, Hepatitis B, Polio, MMR, and Varicella. The student must be "in process" and documentation must be provided to the health office before 9/18/24 to continue attending school.** **Students who are not in compliance with the state requirements will be excluded.**

In process means that: your student has received at least the first dose in each immunization series required by Public Health law **and** has age-appropriate interval appointments to complete the immunization series according to the Advisory Committee on Immunization Practices (ACIP) recommended Child and AdolescentImmunization Schedule for ages 18 years or younger.

NY State Health Law requires all vaccines to be given as per the ACIP catch-up schedule. Alternate, delayed schedules will not be accepted.

Please call the health office if you have any questions or concerns at (631) 266-5481. Documents can be sent via email to agiardina@elwood.k12.ny.us or via fax at (631) 266-1128.

Sincerely,
April Giardina, BSN, RNC-OB



**Department of Health**

KATHY HOCHUL
Governor

JAMES V. McDONALD, M.D., M.P.H.
Commissioner

JOHANNE E. MORNE, M.S.
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of ROXANA JABLONSKI

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health



# Huntington Union Free School District

Woodhull Intermediate School | Stephanie Campbell, Principal
scampbell@hufsd.edu
Phone No. (631) 673-2030
Fax (631) 425-4718

**VIA HAND DELIVERY &**
**OVERNIGHT MAIL**

Parent/Guardian of George Habel

<span style="background:black"> </span>

### RE: George Habel   | NOTICE OF EXCLUSION FROM SCHOOL

Dear Parent/Guardian:

We have received the enclosed notice from the New York State Department of Health that some or all of the immunization records from Julie DeVuono and/or Wild Child Pediatrics that were provided to the Woodhull Intermediate School (HUFSD) for your child were invalidated and removed from the New York State Immunization Information System ("NYSIIS"). **As a result, your child will be excluded from attending the schools of the District effective 09/17/2024** in accordance with Public Health Law § 2164 and directives from the New York State Department of Health.

**Your child needs the following immunizations to attend school:**

| Immunization | Number of Doses Needed |
|---|---|
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 1 TDAP- catch up series. |
| Polio | 3 doses |
| Measles/Mumps/Rubella (MMR) | 2 doses |
| Hepatitis B | 3 doses ✓ |
| Varicella (Chickenpox) | 2 doses |
| Meningococcal Conjugate (MenACWY) | |
| Hemophilus Influenzae (HIB) | |
| Pneumococcal Conjugate (PCV) | . |

Section 2164 of the Public Health Law mandates that absent a proper statutory exemption, no child may be allowed to attend school for more than fourteen (14) days without providing the District with an appropriate immunization certificate, acceptable medical documentation of immunization, or medical documentation that the child is in the process of receiving the immunizations.

When a student has failed to provide proof that he/she has been properly immunized or is in the process of receiving immunizations, the District is obligated by law to exclude that student

l

# EASTPORT ELEMENTARY SCHOOL

390 Montauk Highway • Eastport, New York 11941 • (631) 801-3173 • Fax (631) 325-1066 • www.esmonline.org

**JOSEPH A. STEIMEL.**
*Superintendent of Schools*



**THOMAS FABIAN**
*Principal*

September 10, 2024

Parents of Roxana Jablonski

▉▉▉▉▉▉▉▉▉▉

Dear Mr. & Mrs. Jablonski

Please allow this letter to inform you that the New York State Department of Health, Division of Vaccine Excellence has notified us in writing that certain vaccination records from Wild Child Pediatrics have been invalidated and removed from the New York State Immunization Information System (NYSIIS). More specifically, your child, Roxana Jablonski, is out of compliance with the immunization requirements in that she is missing the following required immunizations: _MMR, Hepatitis B, Polio, Tdap, Varicella – all doses_. Furthermore, the Department of Health has notified us that, as required by the Public Health Law, your child will be required to be removed from school if you do not comply with the immunization requirements within fourteen days of the start of school.

In order for your child to remain in school, it is imperative that you provide the District with proof that (i) your child has received the any required follow-up doses, and (ii) your child has age-appropriate scheduled appointments for follow-up doses to complete the immunization series in accordance with the Immunization Practices Recommended Immunization Schedule for Person Aged 0 through 18, available at: https://www.cdc.gov/vaccines/schedules/downloads/child/0-18yrs-child-combined-schedule.pdf. Failure to submit proof of each by **September 17, 2024**, which is fourteen days after the first day of instruction, will result in your child being excluded from school as of the end of school on **September 17, 2024.**

This letter is to inform you that this is your last opportunity to bring your child into compliance with the immunization requirements without your child being excluded from school.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Thomas Fabian
Principal

 **NEW YORK** STATE OF OPPORTUNITY.. | **Department of Health**

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of ROXANA JABLONSKI

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

## Notification of Exclusion Based on Immunization Status

September 12, 2024

To The Parent/Guardian Of
Skylar Jankowski

██████████████

Dear Parent or Legal Guardian:

Based on directives issued to school districts by the New York State Department of Health, the School District cannot accept any paper documentation relating to vaccinations administered by Wild Child Pediatrics that are not also listed in the New York State Immunization Information System (NYSIIS). According to the updated records of your child's vaccines, based on the directive received from the New York State Department of Health, your child has not met the immunization requirements to be eligible to attend school in the School District. As described in Public Health Law Section 2164, any student that does not have the necessary immunizations set forth in the law is not permitted to attend the schools of the Northport-East Northport School District.

As of the date of this letter, your child is missing the following immunizations:

| Immunization | Number of Doses Needed |
|---|---|
| Polio | 3 |
| Hepatitis B | 3 |
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 3 |
| Measles/Mumps/Rubella (MMR) | 2 |
| Varicella (Chickenpox) | 2 |
| Meningococcal Conjugate (Men ACWY) | |

If you are unable to share evidence that your child is in process of receiving the aforementioned immunizations, your child will be excluded from school at the end of the school day on Thursday, September 19, 2024. To be considered in process, the School District must receive documentation that indicates the following:

(1) a child has received at least the first dose in each immunization series required by section 2164 of the Public Health Law (except in the case of live vaccines, MMR or Varicella, in which a child should wait 28 days after one live vaccine administration before receiving another live vaccine, if the vaccines were not given on the same day) **AND** has age appropriate appointments to complete the immunization series according to the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger; or

(2) a child has had blood drawn for a serologic test (measles, mumps, rubella, hepatitis B or Varicella) and is awaiting test results within 14 days after the blood draw; or

(3) child's serologic test(s) are negative, and therefore the child in question has appointments to be immunized within 30 days of notification of the parent/guardian to complete, or begin completion, of the immunization series based on the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger.

Proof of immunization can be:

- An immunization certificate signed or stamped by your health care practitioner.

- A record issued by the New York State Immunization Information System (NYSIIS) or Citywide Immunization Registry (CIR) from New York City or an official immunization registry from another state or official record from a foreign country.

- An electronic health record from your provider's office.

- A blood test (titer) lab report that proves your child is immune to the diseases (measles, mumps, rubella, hepatitis B or Varicella).

- For varicella (chickenpox), a note from your health care provider (Medical Doctor, Nurse Practitioner, Physician Assistant) which says your child had chickenpox.

In addition, included with this letter is a copy of the Department of Health and Human Services Immunization Catch-up Schedule to provide you with more guidance as to the next steps regarding the appropriate schedule to receive the vaccinations.

Please provide your school nurse with the required information above on or before the end of the school day on Thursday, September 19, 2024 in order to prevent your child from being excluded from school as of Friday, September 20, 2024.

You have the right to appeal this determination, within thirty (30) days, to the Commissioner of Education. Information can be obtained from www.nysed.gov or Office of Counsel, New York State Education Department, State Education Building, 89 Washington Avenue, Albany, New York 12234, telephone # (518) 474-8927.

Thank you for your cooperation in this matter.

Sincerely,

Pasquale DeStefano
Principal

**NEW YORK STATE OF OPPORTUNITY.**

**Department of Health**

KATHY HOCHUL
Governor

JAMES V. McDONALD, M.D., M.P.H.
Commissioner

JOHANNE E. MORNE, M.S.
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of SKYLAR JANKOWSKI

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

# Sayville Public Schools

SUNRISE DRIVE ELEMENTARY SCHOOL
Dr. James Foy
Principal

Dr. Marc Ferris
Superintendent of Schools

## VIA HAND DELIVERY &
## OVERNIGHT MAIL

Parent/Guardian of:
Skyler Tellier

**RE:    Sunrise Drive Elementary School NOTICE OF EXCLUSION FROM SCHOOL**

Dear Parent/Guardian:

We have received notice from the New York State Department of Health that some or all of the immunization records from Julie DeVuono and/or Wild Child Pediatrics that were provided to the Sayville Union Free School District for your child were invalidated and removed from the New York State Immunization Information System ("NYSIIS"). **As a result, your child will be excluded from attending the schools of the District effective September 27, 2024** in accordance with Public Health Law § 2164 and directives from the New York State Department of Health.

**Your child needs the following immunizations to attend school:**

| Immunization | Number of Doses Needed |
|---|---|
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 3 |
| Polio | 3 |
| Measles/Mumps/Rubella (MMR) | 2 |
| Hepatitis B | 3 |
| Varicella (Chickenpox) | 2 |
| Meningococcal Conjugate (MenACWY) | |
| Hemophilus Influenzae (HIB) | |
| Pneumococcal Conjugate (PCV) | |

Section 2164 of the Public Health Law mandates that absent a proper statutory exemption, no child may be allowed to attend school for more than fourteen (14) days without providing the District with an appropriate immunization certificate, acceptable medical documentation of immunization, or medical documentation that the child is in the process of receiving the immunizations.

When a student has failed to provide proof that he/she has been properly immunized or is in the process of receiving immunizations, the District is obligated by law to exclude that student from attendance at school. Furthermore, to be considered in process, a child must receive the subsequent dose of each vaccine series within 14 days after the minimum interval identified by the ACIP catch up schedule, or the child is no longer in process. Additional information on the required immunizations and doses may be found at: https://www.cdc.gov/vaccines/hcp/imz-schedules/downloads/child/0-18yrs-child-combined-schedule.pdf.

In accordance with New York State Public Health Law § 2164 unless and until you are able to provide the District with adequate proof of the required immunizations or adequate proof that your child is in the process of receiving such immunizations as defined in 10 NYCRR § 66-1.1(j) of the regulations of the Department of Health, including dates of immunization appointments, or you submit to the District a valid request for a medical exemption and same is granted, your child will no longer be permitted to continue attendance at school effective September 27, 2024.

In accordance with Public Health Law § 2164(8-a)(a), and the regulations of the Department of Health, 10 NYCRR § 66-1.8, please be advised that it continues to remain your responsibility to have your child immunized. We are also required to notify the local health authority of your child's name and address and of the immunizations which your child currently lacks upon your child's exclusion. In the event you do not wish to select a health practitioner to administer the required immunizations, your child may be immunized with your consent and without charge by the county health official. The county health official may provide additional information to assist you in obtaining these immunizations for your child. This information may be found at:

Suffolk County Department of Health
3500 Sunrise Highway, Suite 124
P.O. Box 9006
Great River, New York 11739
scdhsweb@suffolkcountyny.gov

Please be advised, this determination does not relieve you of the obligation to ensure that a minor from six (6) to sixteen (16) years of age attends school upon full-time instruction as required under Article 65 of the New York State Education Law. Therefore, we request that you notify us immediately if you select a different education option for your child.

Finally, please be advised that pursuant to Public Health Law § 2164(7)(b), a parent of a child denied school entrance or attendance may appeal within thirty (30) days of the date of this letter by petition to the Commissioner of Education in accordance with the provisions of Education Law § 310. Additional information regarding the procedure for making such an appeal to the Commissioner of Education may be obtained from the Office of Counsel, New York State Education Department, State Education Building, Albany, NY 12234, or by calling (518) 474-8927. In addition, such information may be found at: http://www.counsel.nysed.gov/.

Please feel free to contact my office should you have any questions concerning this correspondence.

Sincerely,

Dr. James Foy
Principal

c: School Nurse

GGDOCS-1858866013-2112

L:\Confidential\24-25\Immunizations\Tellier.doc



**NEW YORK** STATE OF OPPORTUNITY.

## Department of Health

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of SKYLER TELLIER

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health



# Smithtown Central School District
# Accompsett Middle School
660 Meadow Road, Smithtown, NY 11787

Paul McNeil
Principal
(631) 382-2305

Mark Secaur, Ed.D.
Superintendent of Schools

September 4, 2024

To the Parent or Guardian of:
Alexa Larsen



Dear Parent:

Based on directives issued to school districts by the New York State Department of Health, the School District cannot accept any paper documentation relating to vaccinations administered by Wild Child Pediatrics that are not also listed in the New York State Immunization Information Systems (NYSIIS). According to the updated records of your child's vaccines based on this directive received from the New York State Department of Health, your child has not met the immunization requirements to be eligible to attend school in the School District. As described in Public Health Law Section 2164, any student that does not have the necessary immunizations set forth in the law is not permitted to attend the schools in the School District.

As of the date of this letter, your child is missing the following immunizations:

Tdap
Meningococcal

If you are unable to share evidence that your child is in process of receiving the aforementioned immunizations, your child will be excluded from school as of September 20, 2024. To be considered in process, the School District must receive documentation that indicates the following:

(1) a child has received at least the first dose in each immunization series required by section 2164 of the Public Health Law (except in the case of live vaccines in which a child should wait 28 days after one live vaccine administration before receiving another live vaccine, if the vaccines were not given on the same day) **AND** has age appropriate appointments to complete the immunization series according to the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger; or

(2) a child has had blood drawn for a serologic test and is awaiting test results within 14 days after the blood draw; or

(3) a child's serologic test(s) are negative, and therefore the child in question has appointments to be immunized within 30 days of notification of the parent/guardian to complete, or begin completion, of the immunization series based on the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger.

In addition, included with this letter is a copy of the Department of Health and Human Services Immunization Catch-up Schedule to provide you with more guidance as to next steps.

Please provide your school nurse with the required information above on or before September 19, 2024, in order to prevent being excluded from school as of September 20, 2024.

You have the right to appeal this determination, within thirty (30) days, to the Commissioner of Education. Information can be obtained from www.nysed.gov or Office of Counsel, New York State Department of Education State Education Building, Albany, New York 12234, (518) 474-8927.

Thank you for your cooperation in this matter.

Sincerely,

Paul McNeil

# *Sayville Public Schools*

**SAYVILLE MIDDLE SCHOOL**
Dr. Joseph Castoro
Principal
**Brian Decker**
Assistant Principal

NEW YORK STATE ESSENTIAL ELEMENTS:
Schools-to-Watch Award Winner

*Dr. Marc Ferris*
*Superintendent of Schools*

<u>**VIA HAND DELIVERY**</u>

Parent/Guardian of Luca DeGregoria

███████████████

RE:    **Sayville Middle School NOTICE OF EXCLUSION FROM SCHOOL**

Dear Parent/Guardian:

We have received notice from the New York State Department of Health that some or all of the immunization records from Julie DeVuono and/or Wild Child Pediatrics that were provided to the Sayville Union Free School District for your child were invalidated and removed from the New York State Immunization Information System ("NYSIIS"). <u>**As a result, your child will be excluded from attending the schools of the District effective September 26, 2024**</u> in accordance with Public Health Law § 2164 and directives from the New York State Department of Health.

**Your child needs the following immunizations to attend school:**

| Immunization | Number of Doses Needed |
|---|---|
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 1 |
| Polio | 3 |
| Measles/Mumps/Rubella (MMR) | 2 |
| Hepatitis B | 3 |
| Varicella (Chickenpox) | 2 |
| Meningococcal Conjugate (MenACWY) | 1 |
| Hemophilus Influenzae (HIB) | |
| Pneumococcal Conjugate (PCV) | |

Section 2164 of the Public Health Law mandates that absent a proper statutory exemption, no child may be allowed to attend school for more than fourteen (14) days without providing the District with an appropriate immunization certificate, acceptable medical documentation of immunization, or medical documentation that the child is in the process of receiving the immunizations.

When a student has failed to provide proof that he/she has been properly immunized or is in the process of receiving immunizations, the District is obligated by law to exclude that student from attendance at school. Furthermore, to be considered in process, a child must receive the subsequent dose of each vaccine series within 14 days after the minimum interval identified by the ACIP catch up schedule, or the child is no longer in process. Additional information on the required immunizations and doses may be found at:
<u>https://www.cdc.gov/vaccines/hcp/imz-schedules/downloads/child/0-18yrs-child-combined-schedule.pdf.</u>

In accordance with New York State Public Health Law § 2164, unless and until you are able to provide the District with adequate proof of the required immunizations or adequate proof that your child is in the process of receiving such immunizations as defined in 10 NYCRR § 66-1.1(j) of the regulations of the Department of Health, including dates of immunization appointments, or you submit to the District a valid request for a medical exemption and same is granted, your child will no longer be permitted to continue attendance at school effective September 26, 2024.

In accordance with Public Health Law § 2164(8-a)(a), and the regulations of the Department of Health, 10 NYCRR § 66-1.8, please be advised that it continues to remain your responsibility to have your child immunized. We are also required to notify the local health authority of your child's name and address and of the immunizations which your child currently lacks upon your child's exclusion. In the event you do not wish to select a health practitioner to administer the required immunizations, your child may be immunized with your consent and without charge by the county health official. The county health official may provide additional information to assist you in obtaining these immunizations for your child. This information may be found at:

Suffolk County Department of Health
3500 Sunrise Highway, Suite 124
P.O. Box 9006
Great River, New York 11739
scdhsweb@suffolkcountyny.gov

Please be advised, this determination does not relieve you of the obligation to ensure that a minor from six (6) to sixteen (16) years of age attends school upon full-time instruction as required under Article 65 of the New York State Education Law. Therefore, we request that you notify us immediately if you select a different education option for your child.

Finally, please be advised that pursuant to Public Health Law § 2164(7)(b), a parent of a child denied school entrance or attendance may appeal within thirty (30) days of the date of this letter by petition to the Commissioner of Education in accordance with the provisions of Education Law § 310. Additional information regarding the procedure for making such an appeal to the Commissioner of Education may be obtained from the Office of Counsel, New York State Education Department, State Education Building, Albany, NY 12234, or by calling (518) 474-8927. In addition, such information may be found at: http://www.counsel.nysed.gov/.

Please feel free to contact my office should you have any questions concerning this correspondence.

Sincerely,

Dr. Joseph Castoro
Principal

c: School Nurse

2

 **Department of Health**

KATHY HOCHUL
Governor

JAMES V. McDONALD, M.D., M.P.H.
Commissioner

JOHANNE E. MORNE, M.S.
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of LUCA DEGREGORIA

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

# Sachem Central School District

*Cayuga Elementary School*

**Lori Onesto,**
*Principal*

Dear Parent or Guardian:

**Patti Trombetta,**
*Superintendent of
Schools*

Your child,  Vincent Fuca, will be excluded from school beginning September 18, 2024 until such a time that they are in compliance with the immunization requirements of New York State.  The New York State Department of Health notified the Sachem School District that your child does not meet the immunization requirements because they are a former patient of Julie DeVuono of Wild Child Pediatrics. Some or all of their vaccination records from Wild Child Pediatrics have been invalidated and removed from the New York State Immunization Information System. If you can produce new/updated proof of vaccination records prior to the exclusion date, your child will remain in school. Understand that if proof of vaccinations is not presented, Sachem must contact the Suffolk County DOH of the exclusion.

In order for your child to remain in school, the following must be provided:

Ø Proof of immunizations given by a medical professional and verified in the New York State Immunization System.

Ø Blood drawn vaccination titer proof for MMR, Varicella and Hepatitis B.

Ø Dtap, Polio, Tdap, and Meningococcal will need a new proof of immunization from a medical professional.

Ø Immunization catch-up schedule and proof of appointments of needed immunizations.

If there are any questions regarding the immunization requirements, please call your child's school nurse.

Very Truly Yours,

*Lori Onesto*

Principal, Cayuga

 **NEW YORK** STATE OF OPPORTUNITY.

# Department of Health

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of VINCENT FUCA

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

# ISLIP PUBLIC SCHOOLS

ADMINISTRATION BUILDING • 215 MAIN STREET • ISLIP, NEW YORK 11751 • (631) 650-8400 • FAX (631) 650-8418

**KATHLEEN O'CALLAGHAN, Ed.D.**
ACTING SUPERINTENDENT &
ASSISTANT SUPERINTENDENT FOR
STUDENT SUPPORT SERVICES

September 10, 2024

VIA CERTIFIED MAIL/RRR
& HAND DELIVERY
Mr. & Mrs. Eric Stubbmann

Re: Notification of Exclusion Based on Immunization Status

Dear Mr. & Mrs. Stubbmann:

Based on directives issued to school districts by the New York State Department of Health, the School District cannot accept any paper documentation relating to vaccinations administered by Wild Child Pediatrics that are not also listed in the New York State Immunization Information System (NYSIIS). According to the updated records of your child's vaccines, based on the directive received from the New York State Department of Health, your child has not met the immunization requirements to be eligible to attend school in the School District. As described in Public Health Law Section 2164, any student that does not have the necessary immunizations set forth in the law is not permitted to attend the schools of the School District.

Please see the attached Notification of Exclusion form which outlines the immunizations your child is missing.

If you are unable to share evidence that your child is in process of receiving the attached immunizations, your child will be excluded from school as of September 17, 2024. To be considered in process, the School District must receive documentation that indicates the following:

(1) a child has received at least the first dose in each immunization series required by section 2164 of the Public Health Law (except in the case of live vaccines in which a child should wait 28 days after one live vaccine administration before receiving another live vaccine, if the vaccines were not given on the same day) AND has age appropriate appointments to complete the immunization series according to the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger; or

(2) a child has had blood drawn for a serologic test and is awaiting test results within 14 days after the blood draw; or

(3) a child's serologic test(s) are negative, and therefore the child in question has appointments to be immunized within 30 days of notification of the parent/guardian to complete, or begin completion, of the immunization series based on the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger.

The Islip School District hereby advises students, parents, employees and the general public that it offers employment and educational opportunities, without regard to sex, race, color, national origin or handicap. Inquiries regarding this non-discrimination policy may be directed to: Title IX Coordinator and/or Section 504 Coordinator. Location: Central Administration Building, 215 Main Street, Islip, New York 11751.



**NEW YORK** STATE OF OPPORTUNITY.

# Department of Health

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of LANDON STUBBMANN

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

BOARD OF EDUCATION

Chris Picini, President
Joseph L. Barry, Vice-President
Deborah DeLillo
Cheryl A. Felner
Rafael Flippen
L. Anne Hayes
Tara Kavanagh

# BELLPORT MIDDLE SCHOOL
## SOUTH COUNTRY CENTRAL SCHOOL DISTRICT



SUPERINTENDENT OF
SCHOOLS
Antony Ferito

BUILDING PRINCIPAL
Dr. Jamal Colson

ASSISTANT PRINCIPALS
Mr. Maxwell Gabriel
Mr. Ryan Summers

## Exclusion Notification For Missing Immunizations (Shots)

Dear Parent/Guardian, _Annabelle Merckling_    Date: _9/13/2024_

All children must receive the immunizations (shots) required by New York State Law Section 2164 to attend school. You are receiving this letter because your child is missing the required immunization(s), or the doses were not given at the right time.

**You must provide proof of immunization(s), the required immunizations can be obtained from a health care provider or your county health department at:**
_____

Your child is not allowed to attend school beginning _9/17/24_ unless you provide proof your child has received the required immunizations.

These are the immunizations needed:

| Immunization Name | # of Doses Needed |
|---|---|
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 3 |
| Polio | 3 |
| Measles/Mumps/Rubella (MMR) | 2 |
| Hepatitis B | 3 |
| Varicella (Chickenpox) | 2 |
| Meningococcal Conjugate (MenACWY) | |
| Hemophilus Influenzae (HIB) | |
| Pneumococcal Conjugate (PCV) | |

Proof of immunization can be:

- An immunization certificate signed or stamped by your health care provider.
- A record issued by NYSIIS or CIR from NYC.
- or an official immunization registry from another state or official record from a foreign country.
- An electronic health record from your provider's office.
- A blood test (titer) lab report that proves your child is immune to measles, mumps, rubella varicella (chickenpox), or hepatitis B.
- For varicella (chickenpox), a note from your health care provider (MD, NP, PA) which says your child had chickenpox.

As the parent/guardian you have the right to file a 310 appeal to the Commissioner of Education within 30 days of receiving this notice. Information can be found at www.counsel.nysed.gov/appeals

Sincerely,

Dr. Jamal Colson, Principal

_A tradition of quality... A future of excellence_

 **Department of Health**

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 09, 2024

Parent/Guardian of ANNABELLE MERCKLING



This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health

**Shawn C. Petretti**
Superintendent of Schools
**Charles M. Delargy**
Business & Operations Administrator
**Kelly M. Urraro**
Director of Technology

**Ilana Finnegan**
Director of Curriculum, Instruction &
Innovation
**Greggory Wormuth**
Director of Athletics, PE & Health
**Meredythe Alliegro**
Director of Pupil Personnel Services



## MATTITUCK-CUTCHOGUE UNION FREE SCHOOL DISTRICT
### Central Administrative Offices

CERTIFIED MAIL

To the Parents or Guardians of
Cayleigh Orlowski

███████████████

Dear Parent or Guardian:

Based on directives issued to school districts by the New York State Department of Health, the School District cannot accept any paper documentation relating to vaccinations administered by Wild Child Pediatrics that are not also listed in the New York State Immunization Information System (NYSIIS). According to the updated records of your child's vaccines, based on the directive received from the New York State Department of Health, your child has not met the immunization requirements to be eligible to attend school in the School District. As described in Public Health Law Section 2164, any student that does not have the necessary immunizations set forth in the law is not permitted to attend the schools of the School District.

As of the date of this letter, your child is missing the following immunizations:
Hepatitis B: 2 doses
Meningococcal Conjugate Vaccine: 1 dose
MMR: 2 doses
Polio: 2 doses
Tdap/Td: 3 doses
Varicella:  2 doses

If you are unable to share evidence that your child is in process of receiving the aforementioned immunizations, your child will be excluded from school as of September 17, 2024 (FOURTEEN DAYS FROM THE START OF THE 2024-2025 SCHOOL YEAR). To be considered in process, the School District must receive documentation that indicates the following:

 (1) a child has received at least the first dose in each immunization series required by section 2164 of the Public Health Law (except in the case of live vaccines in which a child should wait 28 days after one live vaccine administration before receiving another live vaccine, if the vaccines were not given on the same day) AND has age appropriate appointments to complete the immunization series according to the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger; or

(2) a child has had blood drawn for a serologic test and is awaiting test results within 14 days after the blood draw; or

**BOARD OF EDUCATION**
**Patricia Arslanian, President   Douglas Cooper, Vice President**
**Trustees: Jennifer Anderson, Jeffrey Connolly, Karen Letteriello, Lorraine Warren**

(2) a child has had blood drawn for a serologic test and is awaiting test results within 14 days after the blood draw; or

(3) a child's serologic test(s) are negative, and therefore the child in question has appointments to be immunized within 30 days of notification of the parent/guardian to complete, or begin completion, of the immunization series based on the Advisory Committee on Immunization Practices Recommended Child and Adolescent Immunization Schedule for ages 18 years or younger.

Sample Exclusion Letter Proof of immunization can be:

 • An immunization certificate signed or stamped by your health care practitioner.

 • A record issued by the New York State Immunization Information System (NYSIIS) or Citywide Immunization Registry (CIR) from New York City or an official immunization registry from another state or official record from a foreign country.

 • An electronic health record from your provider's office.

 • A blood test (titer) lab report that proves your child is immune to the diseases.

 • For varicella (chickenpox), a note from your health care provider (Medical Doctor, Nurse Practitioner, Physician Assistant) which says your child had chickenpox. In addition, included with this letter is a copy of the Department of Health and Human Services Immunization Catch-up Schedule to provide you with more guidance as to the next steps regarding the appropriate schedule to receive the vaccinations.

Please provide your school nurse with the required information above on or before September 16, 2024 (FOURTEEN DAYS FROM THE START OF THE 2024-2025 SCHOOL YEAR) in order to prevent your child from being excluded from school as of September 17, 2024 (FOURTEEN DAYS FROM THE START OF THE 2024-2025 SCHOOL YEAR).

You have the right to appeal this determination, within thirty (30) days, to the Commissioner of Education. Information can be obtained from www.nysed.gov or Office of Counsel, New York State Education Department, State Education Building, 89 Washington Avenue, Albany, New York 12234, telephone # (518) 474-8927.

Thank you for your cooperation in this matter.

Sincerely,

Shawn C. Petretti
Superintendent

SCP:lmb

cc: M. Alliegro
    P. Burke
    J. Guarriello

Enclosure



**NEW YORK** STATE OF OPPORTUNITY.

# Department of Health

**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, M.D., M.P.H.**
Commissioner

**JOHANNE E. MORNE, M.S.**
Executive Deputy Commissioner

September 16, 2024

Parent/Guardian of CAYLEIGH and CORMAC ORLOWSKI

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your children's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your children have attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health



*The mission of the Three Village Central School District, in concert with its families and community, is to provide an educational environment which will enable each student to achieve a high level of academic proficiency and to become a well-rounded individual who is an involved, responsible citizen.*

**THREE VILLAGE**
CENTRAL SCHOOL DISTRICT

*September 10, 2024*



VIA FIRST-CLASS MAIL &
CERTIFIED MAIL, R.R.R.

To Parent/Guardian of: Ariella Halpin

[BLACK REDACTION]

**RE:    ARIELLA HALPIN NOTICE OF EXCLUSION FROM SCHOOL**

Dear Parent/Guardian:

We have received the enclosed notice from the New York State Department of Health that the immunization records provided to the Three Village Central School District ("District") for your child were invalidated because your child received invalid vaccinations from Wild Child Pediatrics. **As a result, your child will be excluded from attending the schools of the District effective Tuesday, September 17, 2024** in accordance with Public Health Law § 2164 and directives from the New York State Department of Health.

**Your child needs the following immunizations to attend school**

| Immunization | Number of Doses Needed |
|---|---|
| Diphtheria/Tetanus/Pertussis (DTaP or Tdap) | 3 |
| Polio | 3 |
| Measles/Mumps/Rubella (MMR) | 2 |
| Hepatitis B | 3 |
| Varicella (Chickenpox) | 2 |
| Meningococcal Conjugate (MenACWY) | 1 |
| Hemophilus Influenzae (HIB) | N/A |
| Pneumococcal Conjugate (PCV) | N/A |

Section 2164 of the Public Health Law mandates that absent a proper statutory exemption, no child may be allowed to attend school for more than fourteen (14) days without providing the District with an appropriate immunization certificate, acceptable medical documentation of immunization or medical documentation that the child is in the process of receiving the immunizations. When a student has failed to provide proof that he/she has been properly immunized or is in the process of receiving immunizations, the District is obligated by law to exclude that student from attendance at school. Furthermore, to be considered in process, a child must receive the subsequent dose of each vaccine series within 14 days after the minimum interval identified by the ACIP catch up schedule, or the child is no longer in process. Additional information on the required immunizations and doses may found at:

Dr. Kevin Scanlon, Superintendent of Schools
Jeffrey Carlson, Interim Deputy Superintendent
Dr. Gary Dabrusky, Assistant Superintendent, Human Resources
Dr. Brian Biscari, Assistant Superintendent, Educational Services
100 Suffolk Avenue ■ Stony Brook, New York 11790 ■ Telephone: 631-730-4000 ■ Fax: 631-380-6915

Board of Education
Susan B. Megroz Rosenzweig, President          Dr. Jeffrey Kerman          Vincent Vizzo
Karen Roughley, Vice President          Dr. Shaorui Li          Dr. Stanley Bak
          Dr. David McKinnon          Inger Germano, District Clerk

https://www.cdc.gov/vaccines/hcp/imz-schedules/downloads/child/0-18yrs-child-combined-schedule.pdf.

In accordance with New York State Public Health Law § 2164, unless and until you are able to provide the District with adequate proof of the required immunizations or adequate proof that your child is in the process of receiving such immunizations as defined in 10 NYCRR § 66-1.1(j) of the regulations of the Department of Health, including dates of immunization appointments, or you submit to the District a valid request for a medical exemption and same is granted, your child will no longer be permitted to continue attendance at school effective September 17, 2024.

In accordance with Public Health Law § 2164 (8-a)(a), and the regulations of the Department of Health, 10 NYCRR § 66-1.8, please be advised that it continues to remain your responsibility to have your child immunized. We are also required to notify the local health authority of your child's name and address and of the immunizations which your child currently lacks upon your child's exclusion. In the event you do not wish to select a health practitioner to administer the required immunizations, your child may be immunized with your consent and without charge by the county health official. The county health official may provide additional information to assist you in obtaining these immunizations for your child. This information may be found at:

Suffolk County Department of Health Services
3500 Sunrise Hwy, Suite 124, Great River, NY 11739
Tel: (631) 854-0000
Website: https://www.suffolkcountyny.gov/health
Email: scdhsweb@suffolkcountyny.gov

Please be advised, this determination does not relieve you of the obligation to ensure that a minor from six to sixteen years of age attends school upon full-time instruction as required under Article 65 of the New York State Education Law. Therefore, we request that you notify us immediately, should you select a different education option for your child.

Finally, please be advised that pursuant to Public Health Law § 2164 (7)(b), a parent of a child denied school entrance or attendance may appeal within thirty (30) days of the date of this decision by petition to the Commissioner of Education in accordance with the provision or of Education Law § 310. Additional information regarding the procedure for making such an appeal to the Commissioner of Education may be obtained from the Office of Counsel, New York State Education Department, State Education Building, Albany, NY 12234, or by calling (518) 474-8927. In addition, such information may be found at: http://www.counsel.nysed.gov/.

Please feel free to contact my office should you have any questions concerning this correspondence.

Sincerely,

Michael Jantzen    (representative for Michael Jantzen)
Principal

Enclosure
cc: School Nurse

Dr. Kevin Scanlon, Superintendent of Schools
Jeffrey Carlson, Interim Deputy Superintendent
Dr. Gary Dabrusky, Assistant Superintendent, Human Resources
Dr. Brian Biscari, Assistant Superintendent, Educational Services
100 Suffolk Avenue ■ Stony Brook, New York 11790 ■ Telephone: 631-730-4000 ■ Fax: 631-380-6915

Board of Education                Dr. Jeffrey Kerman          Vincent Vizzo
Susan E. Megroz Rosenzweig, President    Dr. Shourul Li        Dr. Burday Bak
Karen Roughley, Vice President       Dr. David McKinnon      Inger Germano, District Clerk

From: doh.sm.STOPVAXFRAUD <STOPVAXFRAUD@health.ny.gov>
Sent: Monday, September 9, 2024 9:34 AM
To: Scanlon, Kevin <kscanlon@3villagecsd.k12.ny.us>; Connolly, Erin <econnoll@3villagecsd.k12.ny.us>;
Subject: Wild Child Immunization Record Removals
Importance: High

Dear school administrator,

Attached is a list of students who are former patients of Julie DeVuono of Wild Child Pediatrics
who will need to be excluded as of the fourteenth calendar day after the start of the school year.
Some or all of their vaccination records from Wild Child Pediatrics have been invalidated and
removed from the New York State Immunization Information System (NYSIIS). You will receive
a second email shortly containing the password to open this spreadsheet.

Your school must notify the person in parental relation to each of these children of their
responsibility to vaccinate. For any of these children who do not provide new proof of
vaccination or immunity by the fourteen day deadline, you must submit a report of exclusion to
the local health department with the name and address of each excluded child. For questions
about the exclusion process, please contact the New York State Education Department at
studentsupportservices@nysed.gov.

In accordance with PHL § 2164 and associated regulations 10 NYCRR Subpart 66-1.9, if
assistance in locating vaccinations is needed, your local health authority has been notified of
your institution's situation and can be contacted to assist with finding appropriate immunizations
administered by a health practitioner. The Department has informed the parents of these
students that these invalid vaccinations will be deleted from NYSIIS and are not considered
valid; however, you are still responsible for completing the steps detailed in this letter.

If any of the students listed in the spreadsheet no longer attend your school, you must
report this to us as soon as possible at stopvaxfraud@health.ny.gov, along with
information about the school they currently attend, if known.

If you have questions, you should also direct them to stopvaxfraud@health.ny.gov.

Sincerely,

**Kara Connelly, MS**
*Pronouns: she, her, hers*
Associate Director
Division of Vaccine Excellence
**New York State Department of Health**
Corning Tower
stopvaxfraud@health.ny.gov
www.health.ny.gov/immunization



**NEW YORK STATE OF OPPORTUNITY.** | **Department of Health**

| **KATHY HOCHUL** | **JAMES V. McDONALD, M.D., M.P.H.** | **JOHANNE E. MORNE, M.S.** |
| Governor | Commissioner | Executive Deputy Commissioner |

September 09, 2024

Parent/Guardian of ARIELLA HALPIN

This letter is to inform you that the New York State Department of Health (the "Department") has deleted some or all of your child's immunizations reported to the New York State Immunization Information System (NYSIIS) by Wild Child Pediatrics/Julie DeVuono. The Department has determined that these vaccinations reported by Wild Child are invalid and do not satisfy New York's requirements for school entrance or attendance. If your child has attended school for more than 14 days using these fraudulent vaccination records as proof of meeting vaccination requirements, they must immediately be excluded until and unless valid proof of vaccination or immunity is provided to the school.

We encourage you to contact a provider immediately to ensure that your child receives all age-appropriate vaccinations required for school entrance and attendance (see https://www.health.ny.gov/publications/2370.pdf). Children attending day care or pre-K through 12th grade in New York State must receive all required doses of vaccines on the recommended schedule to attend or remain in school.

If you have questions or concerns, please contact OSAS@health.ny.gov

Sincerely,

Medical Director
Division of Vaccine Excellence
New York State Department of Health



# Smithtown Central School District
26 New York Avenue, Smithtown, New York 11787

**Jason Lambert**
Coordinator of Physical Education, Health, Athletics and Nurses
(631) 382-2100

**Mark Secaur, Ed.D.**
Superintendent of Schools

September 16, 2024

<u>CERTIFIED MAIL #7020 1810 0001 6151 2809</u>

To the Parent of Guardian of:
Kacey A Pieper

Dear Parent/Guardian:

Education §914(I) requires that every child attending school submit proof of the immunizations required by the Public Health Law §2164. This section of the law mandates that schools are not permitted to allow a child to attend school if not in compliance with immunizations.

The school nurse has contacted you in regards to the immunization needed for your child to attend the 2024-25 school year. Parents are entitled to a fourteen day calendar grace period from the date of this letter to comply. Unfortunately, if the school nurse does not receive a submitted document validating immunization compliance by September 30, 2024 the Smithtown Central School District **legally needs to exclude your child from attending school on Tuesday, October 1, 2024.**

If you have any questions concerning this matter, please call the nurse at your child's school. You may also contact the Suffolk County Department of Health regarding the immunization requirements at 631-854-0222.

Sincerely,

Jason Lambert
Coordinator of Physical Education, Health,
Athletics and Nurses

cc:     P. McNeil, Principal
        J. Harris, Nurse